WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **STEVE & BARRY'S MANHATTAN LLC, et al.,** | : | **___ - ______ (   )** |
| **Debtors.** | : | **(Jointly Administered)** |

**DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 342(a), AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a) AND 2002(a), (f) AND (*l*), AND LOCAL BANKRUPTCY RULE 1007-1 FOR (i) A WAIVER OF THE REQUIREMENT TO FILE A LIST OF CREDITORS, AND (ii) APPROVAL OF THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, "Steve & Barry's" or the "Debtors"), respectfully represent:

## Background

1. On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Steve & Barry's Business**

3. Steve & Barry's is a specialty retailer of apparel and accessories that provides consumers with quality low-priced apparel. Founded in 1985, Steve & Barry's has grown exponentially from an original store in Philadelphia, Pennsylvania to 276 stores located throughout the United States. Many Steve & Barry's retail locations serve economically challenged areas that other retailers have abandoned because of household income levels, population trends or crime rates. During the course of its expansion, Steve & Barry's has diversified its business beyond its original line of university apparel, and its products currently fall broadly into three categories: (i) licensed university apparel and lifestyle brands, (ii) private-label casual clothing and accessories for men, women and children, and (iii) exclusive celebrity branded lines of apparel and accessories.

4. Steve & Barry's offers quality apparel and accessories at dramatically lower prices than typically found for similar goods from other specialty retailers, and in a more upscale, customer-friendly store design. Steve & Barry's achieves this by operating stores with low occupancy costs, and by relying mostly upon word of mouth and news stories, rather than paid print or other advertising, resulting in significant cost savings. Steve & Barry's keeps its costs low by maintaining overseas offices and purchasing most merchandise directly from their sources without intermediaries. The savings realized through each strategy are then passed on to

Steve & Barry's customers in the form of low prices. Almost all items in Steve & Barry's retail locations are priced at $9.98 or less.

5.   As of May 31, 2008, Steve & Barry's (including nondebtor affiliates) consolidated assets totaled approximately $693.5 million and recorded consolidated liabilities totaled approximately $638 million. Consolidated revenues for the twelve months ended May 31, 2008, were approximately $656.6 million. Steve & Barry's currently employs, either directly or through its non-debtor affiliates, approximately 8,600 domestic employees and 1,100 international employees. Approximately 7,300 of the domestic employees are part-time hourly employees and 1,300 are full-time salaried employees.

## Jurisdiction and Venue

6.   This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.   Pursuant to sections 105(a), 342(a) and 521(a) of the Bankruptcy Code, the Debtors are seeking: (i) a waiver of the requirement to file a list of creditors on the Commencement Date as required by section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-192 (the "Standing Order") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "Notice Rules"), and (ii) authority to implement certain procedures (the "Procedures") for notifying creditors of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to

section 341 of the Bankruptcy Code (the "Notice of Commencement").  The proposed form of Notice of Commencement is annexed hereto as Exhibit A.

        8.        Pursuant to the Notice Rules, the Debtors must file their schedules of assets and liabilities fifteen days following the filing of the chapter 11 petitions.  Contemporaneously herewith, the Debtors have filed a motion for an extension of the time to file schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (the "Schedules").

        9.        The Notice Rules would also require the Debtors to file a list of creditors and their addresses.  Contemporaneously herewith, the Debtors have filed a motion to retain and employ Epiq Bankruptcy Solutions, LLC, as a notice and claims processing agent (the "Notice and Claims Agent") in these chapter 11 cases.  The Debtors are requesting authorization to retain the Notice and Claims Agent pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest when the Debtors pay the costs out of the estates' assets.  See 28 U.S.C. § 156(c).  The Debtors propose that, pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Commencement Date, the Debtors furnish their list of creditors to the Notice and Claims Agent so that the Notice and Claims Agent may mail the Notice of Commencement to the parties identified thereon.[1]

        10.        Because the Notice and Claims Agent will receive the list of creditors and mail the Notice of Commencement to the parties identified thereon, the Debtors believe that

---

[1] Pursuant to the Standing Orders, the Debtors have conferred with the Clerk of the Court and the Clerk has instructed the Debtors not to file a list of creditors.  The Clerk has instructed the Debtors to provide the list of creditors to the Notice and Claims Agent as proposed herein.

filing a list of creditors will serve no independent purpose, and therefore, the Court should waive the requirement to file a list of creditors and their addresses.

11. Moreover, Bankruptcy Rule 2002(a) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Furthermore, Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors.

12. In addition to the mailing by the Notice and Claims Agent of the Notice of Commencement, the Debtors propose to publish, as soon as practicable, the Notice of Commencement substantially in the form of Exhibit A once in the national edition of the Wall Street Journal. The Court has authority under Bankruptcy Rule 2002(*l*) to "order notice by publication if it finds notice by mail is impracticable." Fed. R. Bankr. P. 2002(*l*). The Debtors submit that publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases and constitutes an efficient use of the estates' resources.

13. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that the relief requested is appropriate in these chapter 11 cases to provide adequate notice and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## Waiver of Memorandum of Law

14. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

## Notice

15. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 9, 2008
      New York, New York

/s/ Lori R. Fife
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

## **Notice of Commencement**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| **In re**<br>**Steve & Barry's Manhattan LLC, et al., Debtors.** | **Chapter 11 Case No:**<br>**08-_____ ( )**<br>**(Jointly Administered)** |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the debtors listed below were filed on July 9, 2008. You may be a creditor of one of the debtors. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. All documents filed with the Court, including lists of the debtors' properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov. Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the Bankruptcy Clerk's Office and the Office of the United States Trustee cannot give legal advice.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Steve & Barry's Manhattan LLC | 08-_____ (___) | 20-2640435 |
| 4004 Incorporated | 08-_____ (___) | 23-2409554 |
| 4004 LLC | 08-_____ (___) | 26-2921557 |
| Baller Brands LLC | 08-_____ (___) | 26-0390097 |
| Favored Brands LLC | 08-_____ (___) | 26-0390191 |
| Pro Air LLC | 08-_____ (___) | 20-3463557 |
| S&B Industries Inc. | 08-_____ (___) | 20-1419994 |
| S&B Retail China LLC | 08-_____ (___) | 26-0859655 |
| S&B Retail India LLC | 08-_____ (___) | 26-0859697 |
| Star Band LLC | 08-_____ (___) | 20-3273911 |
| Steel Bolt Construction LLC | 08-_____ (___) | 20-0953731 |
| Stellar Brands LLC | 08-_____ (___) | 26-0390237 |
| Steve & Barry's Alabama LLC | 08-_____ (___) | 20-1568136 |
| Steve & Barry's Arizona LLC | 08-_____ (___) | 20-1225400 |
| Steve & Barry's Arkansas LLC | 08-_____ (___) | 20-3665039 |
| Steve & Barry's California LLC | 08-_____ (___) | 20-1225548 |
| Steve & Barry's Colorado LLC | 08-_____ (___) | 20-2340191 |
| Steve & Barry's Connecticut LLC | 08-_____ (___) | 20-1225462 |
| Steve & Barry's CP LLC | 08-_____ (___) | 11-3622457 |
| Steve & Barry's Florida LLC | 08-_____ (___) | 06-1667014 |
| Steve & Barry's Georgia LLC | 08-_____ (___) | 20-1613175 |
| Steve & Barry's GLC LLC | 08-_____ (___) | 11-3449511 |
| Steve & Barry's Hawaii LLC | 08-_____ (___) | 26-0636631 |
| Steve & Barry's Idaho LLC | 08-_____ (___) | 26-0859734 |
| Steve & Barry's Illinois LLC | 08-_____ (___) | 37-1362565 |
| Steve & Barry's Indiana LLC | 08-_____ (___) | 35-1946632 |
| Steve & Barry's International LLC | 08-_____ (___) | 26-0859607 |
| Steve & Barry's Iowa LLC | 08-_____ (___) | 20-3380924 |
| Steve & Barry's Kansas LLC | 08-_____ (___) | 20-1783341 |
| Steve & Barry's Kentucky LLC | 08-_____ (___) | 20-3133331 |
| Steve & Barry's LLC | 08-_____ (___) | 20-1419915 |
| Steve & Barry's Louisiana LLC | 08-_____ (___) | 20-1495278 |
| Steve & Barry's Maine LLC | 08-_____ (___) | 26-1491386 |
| Steve & Barry's Maryland LLC | 08-_____ (___) | 42-1605002 |
| Steve & Barry's Massachusetts LLC | 08-_____ (___) | 20-1568358 |
| Steve & Barry's Michigan LLC | 08-_____ (___) | 38-3223773 |

| | | |
|---|---|---|
| Steve & Barry's Midwest LLC | 08-_____ (___) | 51-0420439 |
| Steve & Barry's Minnesota LLC | 08-_____ (___) | 90-0090252 |
| Steve & Barry's Mississippi LLC | 08-_____ (___) | 20-3789709 |
| Steve & Barry's Missouri LLC | 08-_____ (___) | 01-0794287 |
| Steve & Barry's Nebraska LLC | 08-_____ (___) | 90-0090247 |
| Steve & Barry's Nevada LLC | 08-_____ (___) | 26-1491267 |
| Steve & Barry's New Jersey LLC | 08-_____ (___) | 11-3614678 |
| Steve & Barry's New Mexico LLC | 08-_____ (___) | 20-2315744 |
| Steve & Barry's New York LLC | 08-_____ (___) | 75-3112764 |
| Steve & Barry's North Carolina LLC | 08-_____ (___) | 20-2315762 |
| Steve & Barry's Oakland LLC | 08-_____ (___) | 11-3623155 |
| Steve & Barry's Ohio LLC | 08-_____ (___) | 22-3829205 |
| Steve & Barry's Oklahoma LLC | 08-_____ (___) | 20-1225499 |
| Steve & Barry's Pennsylvania LLC | 08-_____ (___) | 86-1056341 |
| Steve & Barry's South Carolina LLC | 08-_____ (___) | 20-0652478 |
| Steve & Barry's South Michigan LLC | 08-_____ (___) | 20-2178673 |
| Steve & Barry's Tennessee LLC | 08-_____ (___) | 20-3241654 |
| Steve & Barry's Texas LLC | 08-_____ (___) | 20-1568568 |
| Steve & Barry's Utah LLC | 08-_____ (___) | 26-0211309 |
| Steve & Barry's Virginia LLC | 08-_____ (___) | 90-0090251 |
| Steve & Barry's Washington LLC | 08-_____ (___) | 20-3821544 |
| Steve & Barry's West Virginia LLC | 08-_____ (___) | 55-0793011 |
| Steve & Barry's Wisconsin LLC | 08-_____ (___) | 39-1892729 |
| Stone Barn LLC | 08-_____ (___) | 20-3340910 |
| Stone Barn Trading LLC | 08-_____ (___) | 20-4403749 |
| Striking Brands LLC | 08-_____ (___) | 26-0390353 |
| Swift Building LLC | 08-_____ (___) | 26-0390418 |
| Symbolic Brands LLC | 08-_____ (___) | 26-0390488 |

**OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**: Citiwide Inc., Pro Air Inc., School Bus LLC, Steel Bolt Construction Inc., Steve & Barry’s Arizona Inc., Steve & Barry’s Desert Sky LLC, Steve & Barry’s California Inc., S&B CT LLC, Steve & Barry’s CP Inc., Steve & Barry’s CP Mall LLC, Steve & Barry’s Florida Inc., Steve & Barry’s GLC, Inc., Steve & Barry’s GLC Mall LLC, Steve & Barry’s Illinois Inc., S&B IL LLC, Steve & Barry’s Indiana Inc., Steve & Barry’s Louisiana Inc., Steve & Barry’s Maryland Inc., Steve & Barry’s Michigan Inc., Steve & Barry’s MI LLC, Steve & Barry’s Midwest Inc., Steve & Barry’s MW LLC, Steve & Barry’s Minnesota Inc., Steve & Barry’s Missouri Inc., S&B MO LLC, Steve & Barry’s Nebraska Inc., Steve & Barry’s Nebraska 1 LLC, Steve & Barry’s East Inc., Steve & Barry’s New York Inc., Steve & Barry’s Oakland Inc.; Steve & Barry’s Oakland Mall LLC, Steve & Barry’s Ohio Inc., Steve & Barry’s Pennsylvania Inc., Steve & Barry’s South Carolina Inc., Steve & Barry’s Virginia Inc., Steve & Barry’s West Virginia Inc.; S&B WV LLC, Steve & Barry’s Wisconsin Inc., Steve & Barry’s, Steve and Barry’s, Steve & Barry’s University Sportswear, Steve and Barry’s University Sportswear, Star Band Media, 4004, Unisource, Unisource Group, Favored Brands, Steel Bolt, Baller Brands, Striking Brands, Symbolic Brands, Stellar Brands

**Attorneys for Debtors**

Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: 212-310-8000
Facsimile: 212-310-8007

**DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**

August 12, 2008 at 2:00 p.m. (prevailing Eastern Time)
80 Broad Street, Fourth Floor
New York, New York 10004

**DEADLINE TO FILE A PROOF OF CLAIM**

None at this time. When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

<table>
<tr><td colspan="2" align="center">DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS<br>__________ __, 2008 at _:__ _.m. (prevailing Eastern Time)</td></tr>
<tr><td colspan="2"> CREDITORS MAY NOT TAKE CERTAIN ACTIONS IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.</td></tr>
<tr><td><u>Address of the Clerk of the Bankruptcy Court</u><br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York 10004</td><td>For the Court: ________________________<br>Clerk of the Bankruptcy Court</td></tr>
<tr><td>Hours Open: 8:30 a.m. – 5:00 p.m.</td><td>Date: July [__], 2008</td></tr>
</table>

| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by each of the debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate their business. |
|---|---|
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On July __, 2008, the Court entered its Order Establishing Notice Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; or (iii) contacting the Debtors' counsel at: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Lori R. Fife, Esq., and Shai Y. Waisman, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtors' property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| STEVE & BARRY'S MANHATTAN LLC, et al., | : | ___ - ______ ( ) |
| Debtors. | : | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 105(a), 342(a) AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a) AND 2002(a), (f) AND (*l*), AND LOCAL BANKRUPTCY RULE 1007-1 (i) WAIVING THE REQUIREMENT TO FILE A LIST OF CREDITORS, AND (ii) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Upon the Motion, dated July 9, 2008 (the "Motion"), of Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 342(a), and 521(a)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a), 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-192 (the "Standing Order") for waiver of the requirement for filing a list of creditors and approval of the form and manner of notifying creditors of the commencement of these chapter 11 cases, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Gary Sugarman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on July 9, 2008, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and the Standing Order to file a list of creditors with the Court is waived; and it is further

ORDERED that the Debtors, as soon as practicable after the commencement of these chapter 11 cases, shall furnish the list of creditors to a notice and claims agent (the "Notice and Claims Agent"), subject to the Court's authorization to engage such an agent in these chapter 11 cases; and it is further

ORDERED that the notice of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), substantially in the form annexed hereto as Exhibit A (the "Notice of Commencement"), hereby is approved; and it is further

ORDERED that the Debtors, with the assistance of the Notice and Claims Agent are hereby authorized and directed to mail the Notice of Commencement not later than the date that is twenty days prior to the date on which the 341 Meeting is to be held, to all parties identified on the Debtors' list of creditors; and it is further

ORDERED that the Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of the Wall Street Journal and that the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(*l*); and it is further

ORDERED that notice as provided herein is reasonably calculated to inform interested parties of these chapter 11 cases and hereby is approved; and it is further

ORDERED that this Court retains jurisdiction regarding all matters arising from or related to the implementation of this Order; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is waived.

Dated: July ___, 2008
New York, New York

______________________________________
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Notice of Commencement

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| **In re** **Steve & Barry's Manhattan LLC, et al., Debtors.** | **Chapter 11 Case No: 08-_____ ( ) (Jointly Administered)** |

## NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES

Chapter 11 bankruptcy cases concerning the debtors listed below were filed on July 9, 2008. You may be a creditor of one of the debtors. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. All documents filed with the Court, including lists of the debtors' properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov. Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the Bankruptcy Clerk's Office and the Office of the United States Trustee cannot give legal advice.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Steve & Barry's Manhattan LLC | 08-_____ (___) | 20-2640435 |
| 4004 Incorporated | 08-_____ (___) | 23-2409554 |
| 4004 LLC | 08-_____ (___) | 26-2921557 |
| Baller Brands LLC | 08-_____ (___) | 26-0390097 |
| Favored Brands LLC | 08-_____ (___) | 26-0390191 |
| Pro Air LLC | 08-_____ (___) | 20-3463557 |
| S&B Industries Inc. | 08-_____ (___) | 20-1419994 |
| S&B Retail China LLC | 08-_____ (___) | 26-0859655 |
| S&B Retail India LLC | 08-_____ (___) | 26-0859697 |
| Star Band LLC | 08-_____ (___) | 20-3273911 |
| Steel Bolt Construction LLC | 08-_____ (___) | 20-0953731 |
| Stellar Brands LLC | 08-_____ (___) | 26-0390237 |
| Steve & Barry's Alabama LLC | 08-_____ (___) | 20-1568136 |
| Steve & Barry's Arizona LLC | 08-_____ (___) | 20-1225400 |
| Steve & Barry's Arkansas LLC | 08-_____ (___) | 20-3665039 |
| Steve & Barry's California LLC | 08-_____ (___) | 20-1225548 |
| Steve & Barry's Colorado LLC | 08-_____ (___) | 20-2340191 |
| Steve & Barry's Connecticut LLC | 08-_____ (___) | 20-1225462 |
| Steve & Barry's CP LLC | 08-_____ (___) | 11-3622457 |
| Steve & Barry's Florida LLC | 08-_____ (___) | 06-1667014 |
| Steve & Barry's Georgia LLC | 08-_____ (___) | 20-1613175 |
| Steve & Barry's GLC LLC | 08-_____ (___) | 11-3449511 |
| Steve & Barry's Hawaii LLC | 08-_____ (___) | 26-0636631 |
| Steve & Barry's Idaho LLC | 08-_____ (___) | 26-0859734 |
| Steve & Barry's Illinois LLC | 08-_____ (___) | 37-1362565 |
| Steve & Barry's Indiana LLC | 08-_____ (___) | 35-1946632 |
| Steve & Barry's International LLC | 08-_____ (___) | 26-0859607 |
| Steve & Barry's Iowa LLC | 08-_____ (___) | 20-3380924 |
| Steve & Barry's Kansas LLC | 08-_____ (___) | 20-1783341 |
| Steve & Barry's Kentucky LLC | 08-_____ (___) | 20-3133331 |
| Steve & Barry's LLC | 08-_____ (___) | 20-1419915 |
| Steve & Barry's Louisiana LLC | 08-_____ (___) | 20-1495278 |
| Steve & Barry's Maine LLC | 08-_____ (___) | 26-1491386 |
| Steve & Barry's Maryland LLC | 08-_____ (___) | 42-1605002 |
| Steve & Barry's Massachusetts LLC | 08-_____ (___) | 20-1568358 |
| Steve & Barry's Michigan LLC | 08-_____ (___) | 38-3223773 |
| Steve & Barry's Midwest LLC | 08-_____ (___) | 51-0420439 |

| | | |
|---|---|---|
| Steve & Barry's Minnesota LLC | 08-_____ (___) | 90-0090252 |
| Steve & Barry's Mississippi LLC | 08-_____ (___) | 20-3789709 |
| Steve & Barry's Missouri LLC | 08-_____ (___) | 01-0794287 |
| Steve & Barry's Nebraska LLC | 08-_____ (___) | 90-0090247 |
| Steve & Barry's Nevada LLC | 08-_____ (___) | 26-1491267 |
| Steve & Barry's New Jersey LLC | 08-_____ (___) | 11-3614678 |
| Steve & Barry's New Mexico LLC | 08-_____ (___) | 20-2315744 |
| Steve & Barry's New York LLC | 08-_____ (___) | 75-3112764 |
| Steve & Barry's North Carolina LLC | 08-_____ (___) | 20-2315762 |
| Steve & Barry's Oakland LLC | 08-_____ (___) | 11-3623155 |
| Steve & Barry's Ohio LLC | 08-_____ (___) | 22-3829205 |
| Steve & Barry's Oklahoma LLC | 08-_____ (___) | 20-1225499 |
| Steve & Barry's Pennsylvania LLC | 08-_____ (___) | 86-1056341 |
| Steve & Barry's South Carolina LLC | 08-_____ (___) | 20-0652478 |
| Steve & Barry's South Michigan LLC | 08-_____ (___) | 20-2178673 |
| Steve & Barry's Tennessee LLC | 08-_____ (___) | 20-3241654 |
| Steve & Barry's Texas LLC | 08-_____ (___) | 20-1568568 |
| Steve & Barry's Utah LLC | 08-_____ (___) | 26-0211309 |
| Steve & Barry's Virginia LLC | 08-_____ (___) | 90-0090251 |
| Steve & Barry's Washington LLC | 08-_____ (___) | 20-3821544 |
| Steve & Barry's West Virginia LLC | 08-_____ (___) | 55-0793011 |
| Steve & Barry's Wisconsin LLC | 08-_____ (___) | 39-1892729 |
| Stone Barn LLC | 08-_____ (___) | 20-3340910 |
| Stone Barn Trading LLC | 08-_____ (___) | 20-4403749 |
| Striking Brands LLC | 08-_____ (___) | 26-0390353 |
| Swift Building LLC | 08-_____ (___) | 26-0390418 |
| Symbolic Brands LLC | 08-_____ (___) | 26-0390488 |

**OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**: Citiwide Inc., Pro Air Inc., School Bus LLC, Steel Bolt Construction Inc., Steve & Barry's Arizona Inc., Steve & Barry's Desert Sky LLC, Steve & Barry's California Inc., S&B CT LLC, Steve & Barry's CP Inc., Steve & Barry's CP Mall LLC, Steve & Barry's Florida Inc., Steve & Barry's GLC, Inc., Steve & Barry's GLC Mall LLC, Steve & Barry's Illinois Inc., S&B IL LLC, Steve & Barry's Indiana Inc., Steve & Barry's Louisiana Inc., Steve & Barry's Maryland Inc., Steve & Barry's Michigan Inc., Steve & Barry's MI LLC, Steve & Barry's Midwest Inc., Steve & Barry's MW LLC, Steve & Barry's Minnesota Inc., Steve & Barry's Missouri Inc., S&B MO LLC, Steve & Barry's Nebraska Inc., Steve & Barry's Nebraska 1 LLC, Steve & Barry's East Inc., Steve & Barry's New York Inc., Steve & Barry's Oakland Inc.; Steve & Barry's Oakland Mall LLC, Steve & Barry's Ohio Inc., Steve & Barry's Pennsylvania Inc., Steve & Barry's South Carolina Inc., Steve & Barry's Virginia Inc., Steve & Barry's West Virginia Inc.; S&B WV LLC, Steve & Barry's Wisconsin Inc., Steve & Barry's, Steve and Barry's, Steve & Barry's University Sportswear, Steve and Barry's University Sportswear, Star Band Media, 4004, Unisource, Unisource Group, Favored Brands, Steel Bolt, Baller Brands, Striking Brands, Symbolic Brands, Stellar Brands

**Attorneys for Debtors**
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: 212-310-8000
Facsimile: 212-310-8007

**DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**
August 12, 2008 at 2:00 p.m. (prevailing Eastern Time)
80 Broad Street, Fourth Floor
New York, New York 10004

**DEADLINE TO FILE A PROOF OF CLAIM**
None at this time. When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

| DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS<br>__________ __, 2008 at _:__ _.m. (prevailing Eastern Time) | |
|---|---|
| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>**IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.** | |
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York 10004 | For the Court: ______________________<br>Clerk of the Bankruptcy Court |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: July [__], 2008 |

| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by each of the debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate their business. |
|---|---|
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On July __, 2008, the Court entered its Order Establishing Notice Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; or (iii) contacting the Debtors' counsel at: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Lori R. Fife, Esq., and Shai Y. Waisman, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtors' property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |