WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :   **Chapter 11 Case No.**
                                                               :
**STEVE & BARRY'S**                                            :
**MANHATTAN LLC, <u>et</u> <u>al.</u>,**                       :   ___ - _____ (  )
                                                               :
              Debtors.                                         :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULES 1007(c) AND 2002(d)**
**FOR AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND**
**LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND**
**<u>UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, "<u>Steve & Barry's</u>" or the "<u>Debtors</u>"), respectfully represent:

**<u>Background</u>**

    1.  On the date hereof (the "<u>Commencement Date</u>"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Steve & Barry's Business

3. Steve & Barry's is a specialty retailer of apparel and accessories that provides consumers with quality low-priced apparel. Founded in 1985, Steve & Barry's has grown exponentially from an original store in Philadelphia, Pennsylvania to 276 stores located throughout the United States. Many Steve & Barry's retail locations serve economically challenged areas that other retailers have abandoned because of household income levels, population trends or crime rates. During the course of its expansion, Steve & Barry's has diversified its business beyond its original line of university apparel, and its products currently fall broadly into three categories: (i) licensed university apparel and lifestyle brands, (ii) private-label casual clothing and accessories for men, women and children, and (iii) exclusive celebrity branded lines of apparel and accessories.

4. Steve & Barry's offers quality apparel and accessories at dramatically lower prices than typically found for similar goods from other specialty retailers, and in a more upscale, customer-friendly store design. Steve & Barry's achieves this by operating stores with low occupancy costs, and by relying mostly upon word of mouth and news stories, rather than paid print or other advertising, resulting in significant cost savings. Steve & Barry's keeps its costs low by maintaining overseas offices and purchasing most merchandise directly from their sources without intermediaries. The savings realized through each strategy are then passed on to Steve & Barry's customers in the form of low prices. Almost all items in Steve & Barry's retail locations are priced at $9.98 or less.

5. As of May 31, 2008, Steve & Barry's (including nondebtor affiliates) consolidated assets totaled approximately $693.5 million and recorded consolidated liabilities totaled approximately $638 million. Consolidated revenues for the twelve months ended May 31, 2008, were approximately $656.6 million. Steve & Barry's currently employs, either directly or through its non-debtor affiliates, approximately 8,600 domestic employees and 1,100 international employees. Approximately 7,300 of the domestic employees are part-time hourly employees and 1,300 are full-time salaried employees.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 require the Debtors to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "Schedules") within 15 days after the Commencement Date.

8. By this Motion, the Debtors respectfully request that the Court extend the 15-day period to file the Schedules by an additional 45 days, without prejudice to the Debtors' ability to request additional time should it become necessary.

**Cause Exists to Extend
the Time to File the Schedules**

9. Due to the complexity and diversity of their operations, the Debtors anticipate that they will be unable to complete their Schedules in the 15 days provided under Bankruptcy Rule 1007(c). To prepare their Schedules, the Debtors must compile information

from books, records, and documents relating to thousands of claims, assets, and contracts. This information is voluminous and is located in numerous places throughout the Debtors' organization. Collecting the necessary information requires the Debtors and their employees to expend an enormous amount of time and effort. This task is further complicated by the fact that there are 64 Debtor entities involved in these chapter 11 cases and the Debtors' employees will have to compile schedules from the records of each of the 64 Debtors in these chapter 11 cases.

10. While the Debtors are mobilizing their employees to work diligently and expeditiously to prepare the Schedules, the Debtors' resources are limited. In view of the amount of work entailed in completing the Schedules and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors will not be able to properly and accurately complete the Schedules within the required 15-day time period.

11. At present, the Debtors anticipate that they will require at least 45 additional days to complete their Schedules. The Debtors therefore request that the Court extend the 15-day period, which expires on July 24, 2008, by an additional 45 days, through and including September 7, 2008.

12. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States Trustee and to any committee . . . trustee, examiner, or other party." Fed. R. Bankr. P. 1007(c).

13. The Debtors submit that the vast amount of information that the Debtors must assemble and compile, the multiple places where the information is located, and the number

of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the requested extension of time.

## **Waiver of Memorandum of Law**

14. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of law in support of this Motion.

## **Notice**

15. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is it deems just and proper.

Dated: July 9, 2008
      New York, New York

/s/ Lori R. Fife
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
**STEVE & BARRY'S** :
**MANHATTAN LLC, et al.,** : ___ - _____ ( )
:
Debtors. : (Jointly Administered)
:
-------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULES 1007(c) AND 2002(d) GRANTING EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the Motion, dated July 9, 2008 (the "Motion"), of Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rules 1007 and 2002(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an extension of the time within which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "Schedules"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors

holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Gary Sugarman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on July 9, 2008, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 1007(a)(4) the time by which the Debtors shall file their Schedules is extended by an additional 45 days, through and including September 7, 2008, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is waived.

Dated: July ___, 2008
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE