WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                 :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **STEVE & BARRY'S** | : | |
| **MANHATTAN LLC, et al.,** | : | \_\_\_ - \_\_\_\_\_ (  ) |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007,**
**SEEKING AUTHORITY TO IMPLEMENT CERTAIN NOTICE**
**AND CASE MANAGEMENT PROCEDURES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Steve & Barry's Manhattan LLC and its debtors affiliates, as debtors and

debtors in possession (collectively, "Steve & Barry's" or the "Debtors"), respectfully

represent:

**Background**

        1.      On the date hereof (the "Commencement Date"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

### Steve & Barry's Business

3.      Steve & Barry's is a specialty retailer of apparel and accessories that provides consumers with quality low-priced apparel.  Founded in 1985, Steve & Barry's has grown exponentially from an original store in Philadelphia, Pennsylvania to 276 stores located throughout the United States.   Many Steve & Barry's retail locations serve economically challenged areas that other retailers have abandoned because of household income levels, population trends or crime rates.  During the course of its expansion, Steve & Barry's has diversified its business beyond its original line of university apparel, and its products currently fall broadly into three categories: (i) licensed university apparel and lifestyle brands, (ii) private-label casual clothing and accessories for men, women and children, and (iii) exclusive celebrity branded lines of apparel and accessories.

4.      Steve & Barry's offers quality apparel and accessories at dramatically lower prices than typically found for similar goods from other specialty retailers, and in a more upscale, customer-friendly store design.  Steve & Barry's achieves this by operating stores with low occupancy costs, and by relying mostly upon word of mouth and news stories, rather than paid print or other advertising, resulting in significant cost savings.  Steve & Barry's keeps its costs low by maintaining overseas

offices and purchasing most merchandise directly from their sources without intermediaries. The savings realized through each strategy are then passed on to Steve & Barry's customers in the form of low prices. Almost all items in Steve & Barry's retail locations are priced at $9.98 or less.

5.      As of May 31, 2008, Steve & Barry's (including nondebtor affiliates) consolidated assets totaled approximately $693.5 million and recorded consolidated liabilities totaled approximately $638 million. Consolidated revenues for the twelve months ended May 31, 2008, were approximately $656.6 million. Steve & Barry's currently employs, either directly or through its non-debtor affiliates, approximately 8,600 domestic employees and 1,100 international employees. Approximately 7,300 of the domestic employees are part-time hourly employees and 1,300 are full-time salaried employees.

## Jurisdiction

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.      By this Motion, the Debtors seek authority, pursuant to section 105(a) of the Bankruptcy Code and Rules 1015(c) and 9007 of the Bankruptcy Rules, to implement certain procedures (the "Procedures") in connection with the administration of these chapter 11 cases. The Debtors request that, to the extent that any of the Procedures conflict with the provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Procedures shall govern and shall supersede such provisions and rules.

8.     The Procedures establish requirements for the filing and serving of notices, motions, pleadings, applications, other requests for relief and all documents filed in support thereof (collectively, the "Pleadings") in these chapter 11 cases, and the filing of any objections ("Objections") or replies thereto (the "Replies," and together with the Pleadings and the Objections, the "Documents").  As set forth more fully below, the Procedures (i) delineate standards for notice; (ii) authorize the Debtors to schedule, in cooperation with the Court, periodic omnibus hearing dates; and (iii) articulate mandatory guidelines for the scheduling of hearings and objection deadlines.

**The Procedures**

9.     The Debtors submit that the following procedures should be implemented in connection with the administration of these chapter 11 cases.

**A.     Filing and Notification Procedures**

10.     Filing.  All Documents shall be filed electronically with the Court on the docket of In re Steve & Barry's Manhattan LLC, Chapter 11 Case No. 08-_____ (     ) in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format.  The Documents shall be noticed in accordance with the procedures set forth below.

11.    Notice

    a.    Entities to be Served.  All Documents shall be served, in the manner described below, on (i) the chambers of the Judge assigned to preside over these cases ("Chambers"); (ii) Weil Gotshal & Manges LLP, Attn:  Lori R. Fife, Esq. and Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Attn: Paul Schwartzberg, Esq.; (iv) counsel to any official committee(s) appointed in these chapter 11 cases;[1] (v) counsel to agents for the Debtors' prepetition lenders; and (vi) any person or entity with a particularized interest in the subject matter of a certain Document (collectively, the "Standard Parties").  In addition, Pleadings must only be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the procedures set forth below (the "Rule 2002 List") in accordance with the Procedures set forth herein.  Papers filed in adversary proceedings, Objections, and replies thereto do not need to be served on the Rule 2002 List.

        (i)    Notices of Appearance.  Any creditor, equity interest holder, or party in interest that wishes to receive notice in these chapter 11 cases and is not otherwise entitled to notice pursuant to these Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002

---

[1] Until such time as an official committee of unsecured creditors is appointed in these cases, the creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis) shall be served as set forth herein.  Upon the formation of an official committee of unsecured creditors, the top thirty creditors will be removed from any service list, unless the entities file a notice of appearance as set forth herein.

and 9010(b). The request shall include the following: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; and (v) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in the chapter 11 cases shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Rule 2002 who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail or facsimile, in the Debtors' sole discretion.

(ii) <u>Master Service List</u>. The Debtors shall maintain a master service list which shall include the Standard Parties and the Rule 2002 List (the "<u>Master Service List</u>"). The Master Service List shall contain addresses and facsimile numbers, and may include e-mail addresses. The Debtors shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every 30 days. The Master Service List, and any updates thereto, shall be filed electronically on the Court's electronic docket starting on the date that is 10 days from the date hereof.

b. <u>Service by the Debtors</u>. The Debtors shall serve the Standard Parties by U.S. mail, hand delivery, or, with the exception of Chambers, facsimile (the choice being in the Debtors' sole discretion). The Debtors shall be authorized to serve all Documents by e-mail on the Rule 2002 List in accordance with the

procedures set forth below.[2]  Any of the Standard Parties may request service by e-mail. If any party requests service by e-mail, they shall be served in accordance with these Procedures.

(i)    <u>E-mail Service</u>.  All Documents served by the Debtors by e-mail shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in "<u>.pdf</u>" format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtors may, in their sole discretion, (i) serve the entire Document by U.S. Mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) email the party being served and include a notation that the Document cannot be annexed and will be (a) mailed only if requested or (b) posted on the Case Information Website (as defined below).  Service by e-mail shall be effective as of the date the Document is sent by e-mail to the address provided by a party.  If service is done by e-mail, the Debtors shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail.  Except as otherwise provided herein, e-mail service shall satisfy the Court's rules for service.

(ii)    <u>Alternative Methods of Service</u>.  If a party entitled to notice of a Pleading does not have an e-mail address or if the e-mail address of a party

---

[2] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List on the date the order approving the Procedures is entered.

is not available to the Debtors, that party shall be served by U.S. mail, facsimile, or hand delivery (the choice being in the Debtors' sole discretion).

c. _Service by Non-Debtor Parties_. Non-Debtors are not authorized to serve Documents by e-mail and shall serve Documents in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

d. _Confidentiality_. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases.

12. _Affidavits of Service_. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within (3) business days thereof either an affidavit of service or a certification of service annexing the list of parties that received notice.

13. _Certain Bankruptcy Rules Preserved_. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (ii) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the

foregoing matters would be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

**B.**     **Hearings and Related Procedural Matters**

14.     <u>Omnibus Hearings</u>.  The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("<u>Omnibus Hearings</u>") at which Pleadings shall be heard.  If Omnibus Hearings are scheduled, the following guidelines shall apply:

a.     <u>Matters That May be Scheduled for Hearings other than Omnibus Hearings</u>.  Hearings in connection with (i) claims objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) confirmation and (v) any other Pleadings filed by the Debtors may be scheduled for dates other than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint. Hearings on all other Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing, except as provided in Paragraph 14(c).

b.     <u>Hearings Scheduled Inconsistent with the Procedures</u>.  If a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Procedures in this subsection, the hearing shall be scheduled, without the necessity of court order, for the first Omnibus Hearing date after the applicable notice period has expired.  If this occurs, the Debtors shall provide the movant with notice of these Procedures within three  business days of their receipt of the inconsistent filing.

c.     <u>Emergency Relief</u>.  If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis.  If the Debtors disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement via telephone, and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing.

15.     <u>Guidelines for Setting a Hearing Date</u>.  Pleadings (other than those filed as set forth below) shall not be considered unless filed and served in accordance with these Procedures at least fourteen calendar days before the applicable hearing date.  Notwithstanding the foregoing, pursuant to Bankruptcy Rule 9006, if the parties served with Pleadings include parties being served by U.S. mail, the Pleading must be filed and served at least seventeen calendar days before the applicable hearing.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

a.     <u>Bankruptcy Rule 2002(a)-(b)</u>.  If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the Pleading shall be scheduled for the next available hearing following the expiration of the time period set forth in the rule.  For

example, the hearing to consider a Pleading requesting approval of a compromise or settlement of a controversy (other than approval of an agreement under Bankruptcy Rule 4001(d)) shall be scheduled for a hearing date that is no earlier than twenty calendar days from the date of service if service is by e-mail.  Consistent with Bankruptcy Rule 9009, if service is by U.S. mail, the Pleading shall not be scheduled for a hearing that is earlier than twenty-three calendar days from the date of service of the Pleading.

16.     <u>Telephonic Participation</u>.  If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least 48 hours prior to the scheduled hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases. Such procedures are available at www.nysb.uscourts.gov.

17.     <u>Relief Without a Hearing</u>.  A Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline (defined herein), the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures; (ii) serves the declaration by facsimile upon the undersigned attorneys for the Debtors one business day before submission thereof to the Court; and (iii) delivers by U.S. mail, or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, (b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order

(collectively, the "Presentment Package").  Upon receipt of the Presentment Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request.  If the Court does not grant the relief, (i) the Pleading will be heard at the next-scheduled Omnibus Hearing that is at least six calendar days from the date the Presentment Package is received by the Court and (ii) the decision shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

18.     Notices of Hearing.  A "Notice of Hearing" shall be affixed to all Pleadings, and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (defined below); (iv) the date of the applicable hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Procedures.  The applicable Objection Deadline and the hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

19.     Objection Deadlines.  Except as provided in paragraph 24, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) at least three business days before the applicable hearing date or (ii) any date otherwise ordered by the Court.  The Objection Deadline may be extended with the consent of the movant or applicant.  The Objection will not be considered timely filed unless filed with the Court and received by the Standard Parties on or before the applicable Objection

Deadline.  All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection.

20. <u>Deadline for Filing Reply</u>.  Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 p.m. prevailing Eastern Time on the day that is at least one business day before the date of the hearing.

21. <u>Agenda Letters</u>.  By approximately 4:00 p.m. prevailing Eastern Time on the day before a scheduled hearing, the Debtors shall file with the Court a letter setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by email or facsimile on:  (i) the Court; (ii) the U.S. Trustee; (iii) the attorneys for the official committee of unsecured creditors appointed in these cases; (iv) the attorneys for the Debtors' prepetition lenders; and (v) any parties filing Documents to be heard at the hearing.  Agenda letters shall not be required where the Debtors have less than forty-eight hours notice of the hearing.

a. <u>Content</u>.  The matters listed on the agenda letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

22. <u>Settlements</u>.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court

may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**C.      Automatic Stay Proceedings.**

23.      Hearings and Objection Deadlines.  Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration for the Omnibus Hearing that is at least twenty days after the motion is filed and notice is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline for the Debtors shall be the later to occur of (i) fifteen days after the date of filing and service of the motion or (ii) three days before the scheduled hearing.

24.      Automatic Relief Provision Inapplicable.  Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**D.**     **Availability of Documents.**

        25.    Contemporaneously herewith, the Debtors filed a motion to retain

Epiq Bankruptcy Solutions, LLC ("Epiq") as their claims and noticing agent. The

Debtors propose that Epiq design, maintain and operate a website,

http://chapter11.epiqsystems.com/steve&barrys, in connection with these chapter 11

cases (the "Case Information Website"). The Debtors intend to post certain information

regarding these cases on the Case Information Website, including the Documents filed in

these chapter 11 cases, which will be accessible to the general public.

**Establishing the Procedures is in**
**the Best Interests of the Debtors' Estates**

        26.    Bankruptcy Rule 9007 grants the Court general authority to

regulate notices. Section 105(a) of the Bankruptcy Code provides in relevant part that

"[t]he Court may issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that

implementation of the Procedures is appropriate in these chapter 11 cases and well within

the Court's equitable powers under section 105 of the Bankruptcy Code.

        27.    The Debtors submit that approval of the Procedures is in the best

interests of the Debtors, their estates and their creditors. The nature of the Debtors'

financial difficulties has placed significant demands on the Debtors and their personnel

and professionals. In addition to the discharge of their ordinary duties, the Debtors'

personnel now carry the additional burdens imposed by the commencement of these

chapter 11 cases. The Procedures, by authorizing the Debtors to schedule Omnibus

Hearing dates, by establishing clear timelines for the filing of requests for relief, and by

allowing, with certain exceptions, electronic service, will assist the Debtors' management in organizing the Debtors' time and directing the attention of its personnel to issues raised in their chapter 11 cases. It will also reduce the cost of administration of these chapter 11 cases.

28.     Similar procedures, including service by e-mail, have been approved in other chapter 11 cases. See, e.g., In re PRC, LLC, et al., Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Jan. 1, 2008) [Docket No. 33]; In re Worldcom Inc., et al., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 29, 2002) (as amended on Dec. 23, 2002) [Docket No. 2454]; and In re Enron Corp. et. al., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 20, 2002) (as amended on Feb. 26, 2002 and Dec. 17, 2002) [Docket No. 1698]. The Debtors submit that their circumstances warrant similar relief.

## Waiver of Memorandum of Law

29.     Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

## Notice

B.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  July 9, 2008
          New York, New York

/s/ Lori R. Fife
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:     (212) 310-8509
Facsimile:     (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**STEVE & BARRY'S**                           :
**MANHATTAN LLC, et al.,**                    :        **___ - _____ (   )**
                                              :
                        **Debtors.**          :        **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

## ORDER, PURSUANT TO SECTION 105(a) OF THE
## BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c)
## AND 9007, IMPLEMENTING CERTAIN NOTICE AND
## CASE MANAGEMENT PROCEDURES

Upon the motion, dated July 9, 2008 (the "Motion"), of Steve & Barry's

Manhattan LLC and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to sections 105(a) of chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal

Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for approval of certain notice,

case management and administrative procedures (the "Procedures"), all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any

and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

to (i) the United States Trustee for the Southern District of New York (the "U.S.

Trustee"), (ii) counsel to agents for the Debtors' prepetition lenders, and (iii) creditors holding the thirty largest unsecured claims against the Debtors (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Gary Sugarman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on July 9, 2008, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors shall serve a printed copy of this order upon all parties on the Master Service List (defined herein) on the date this order is entered, or as soon thereafter as is practicable; and it is further

ORDERED that the case administration procedures (the "Procedures") set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise set forth herein or ordered by the Court; and it is further

ORDERED that, to the extent the Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules or the Local Rules, the Procedures shall supersede such laws and shall apply to these chapter 11 cases; and it is further

ORDERED that all documents filed in the Debtors' chapter 11 cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "Pleadings"), objections ("Objections"), and replies thereto (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of In re Steve & Barry's Manhattan LLC, Chapter 11 Case No. 08-_____ (   ) in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format; and it is further

ORDERED that all Documents shall be served, in the manner described herein, on (i) the chambers of the Judge assigned to preside over these cases; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Lori R. Fife, Esq. and Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Paul Schwartzberg, Esq.; (iv) counsel to any official committee(s) appointed in these chapter 11 cases; (v) counsel to agents for the Debtors' prepetition lenders, Bingham McCutchen LLP, One Federal Street, Boston, MA 02110, Attn: Robert A.J. Barry, Esq. and Julia Frost-Davies, Esq.; and Riemer & Braunstein LLP, Three Center Place, 6th Floor, Boston, MA 02108, Attn: Kevin J. Simard, Esq.; and (vii) any person or entity with a particularized interest in

the subject matter of a certain Document (collectively, the "Standard Parties"); and it is further

ORDERED that in addition to the parties listed in the preceding paragraph, Pleadings must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Procedures (the "Rule 2002 List"); and it is further

ORDERED that papers filed in adversary proceedings, Objections, and Replies thereto do not need to be served on the Rule 2002 List; and it is further

ORDERED that until an official committee of unsecured creditors is appointed in these cases, the creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis) shall be served in place of the official committee of unsecured creditors. Upon the formation of an official committee of unsecured creditors, the top thirty creditors will be removed from the Master Service List (as defined below), unless the entities file a Notice of Appearance as set forth herein; and it is further

ORDERED that any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Procedures shall file a notice of appearance (a "Notice of Appearance") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b); and it is further

ORDERED that a Notice of Appearance shall include the following information: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by

which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; and (v) a facsimile number for the requesting party.  Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in the chapter 11 cases shall have any effect unless the foregoing requirements are satisfied; and it is further

ORDERED that any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail or facsimile, in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall maintain a master service list which shall include the Standard Parties and the Rule 2002 List (the "Master Service List"); and it is further

ORDERED that the Master Service List shall contain addresses and facsimile numbers, and may include e-mail addresses; and it is further

ORDERED that the Debtors shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty days; and it is further

ORDERED that the Master Service List and any updates thereto shall be filed electronically on the Court's website (https://ecf.sbny.uscourts.gov/) commencing as of the date that is ten days from the date hereof; and it is further

ORDERED that the Debtors shall serve the Standard Parties by U.S. mail, hand delivery, or, with the exception of the chambers of the Judge assigned to preside

over these cases, facsimile (the choice of the foregoing being in the Debtors' sole discretion); and it is further

ORDERED that the Debtors shall be authorized to serve all Documents to the Rule 2002 List by e-mail; and it is further

ORDERED that any of the Standard Parties may request service by e-mail, and if such request is made, such party shall thereby be served in accordance with the Procedures; and it is further

ORDERED that all Documents served by the Debtors by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtors may, in their sole discretion (i) serve the entire Document by U.S. Mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) email the party being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the website maintained in connection with these chapter 11 cases; and it is further

ORDERED that service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party; and it is further

ORDERED that, if service is done by e-mail, the Debtors shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail and e-mail service shall satisfy the Court's rules for services; and it is further

ORDERED that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available to the Debtors, the party shall be served by U.S. mail, facsimile, or hand delivery; the choice of the foregoing being in the Debtors' sole discretion; and it is further

ORDERED that non-Debtors shall serve the Documents to each of the parties on the Master Service List in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are not authorized to serve Documents by e-mail; and it is further

ORDERED that nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases; and it is further

ORDERED that, upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; and it is further

ORDERED that the proceedings with respect to which notice would be limited to the Master Service List, would include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and

confirmation of a plan of reorganization; and (ii) notice and transmittal of ballots for accepting or rejecting a plan of reorganization.  Notice of the foregoing matters would be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise; and it is further

ORDERED that the Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard; and it is further

ORDERED that hearings in connection with claims objections, pre-trial conferences and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Pleading filed by the Debtors, may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five days after the filing of the complaint; provided, further, that hearings on all other Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing except for Pleadings requiring Emergency Relief; and it is further

ORDERED that if a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Procedures (a "Non-Compliant Pleading"), the hearing shall be scheduled, without the necessity of court order, for the first Omnibus Hearing date after the applicable notice period has expired; and it is further

ORDERED that the Debtors shall provide a movant with notice of the Procedures within three business days of receipt of the Non-Compliant Pleading; and it is further

ORDERED that if a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis. If the Debtors disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing; and it is further

ORDERED that if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in the rule, provided, however, that pursuant to Bankruptcy Rule 9009, if service is by U.S. mail, a hearing shall not be scheduled before twenty three calendar days from the date of service; and it is further

ORDERED that, except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings shall not be considered unless filed and served in accordance with the Procedures at least fourteen calendar days before the next applicable hearing date; provided, however, that if the parties served with the Pleading include parties being served by U.S. mail, the Pleading must be filed and served at least seventeen calendar days before the next applicable hearing; provided, further, that nothing in the Procedures shall prejudice the right of any party to move the Court to

request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c); and it is further

ORDERED that if a party desires to participate in a hearing by telephone, such party must request permission from chambers and notify attorneys for the Debtors at least 48 hours prior to the scheduled hearing. If chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases; and it is further

ORDERED that a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline (as defined below), the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures; (ii) serves the declaration via facsimile upon the undersigned attorneys for the Debtors one business day prior to submission thereof to the Court; and (iii) delivers by U.S. mail, or hand or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, (b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order (collectively, the "Presentment Package"). Upon receipt of the Presentment Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request. If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least six (6) calendar days after the date the Presentment Package is received by the Court; provided, however, that if the Court does not grant the

relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief; and it is further

ORDERED that a "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Procedures; and it is further

ORDERED that the applicable Objection Deadline (as defined below) and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto; and it is further

ORDERED that, except as provided for below with respect to Stay Relief Motions, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) at least three business days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection; and it is further

ORDERED that unless otherwise ordered by the Court, the Reply shall be filed with the Court and served in accordance with these Procedures on or before 12:00 p.m. prevailing Eastern Time on the day that is at least one business day prior to the date of the applicable hearing; and it is further

ORDERED that by approximately 4:00 p.m. prevailing Eastern Time on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "Agenda Letter") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by email or facsimile on: (i) the Court; (ii) the U.S. Trustee; (iii) the attorneys for the official committee of unsecured creditors appointed in these cases; (iv) the attorneys for the Debtors' prepetition lenders; and (v) any parties filing Documents to be heard at the hearing; provided, however, that an Agenda Letter shall not be required where the Debtors have less than forty eight hours notice of a hearing; and it is further

ORDERED that the matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service; and it is further

ORDERED that in the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the

settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court; and it is further

ORDERED that notwithstanding anything contained herein, motions for relief from the automatic stay ("<u>Stay Relief Motions</u>") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty days after the motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (i) fifteen days after the date of filing and service of the motion and (ii) three days prior to the hearing scheduled with respect thereto; and it is further

ORDERED that notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that the Debtors may amend the Procedures from time to time throughout these chapter 11 cases and shall present such amendments to the Court by motion in accordance with this order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is waived.

Dated: July ___, 2008
     New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE