WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11 Case No.** |
| | : | |
| **STEVE & BARRY'S** | : | |
| **MANHATTAN LLC, <u>et al.</u>,** | : | ___ - _____ ( ) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE FOR AUTHORITY (i) TO TREAT UNDISPUTED VENDOR OBLIGATIONS ARISING FROM THE POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED IN THE PREPETITION PERIOD AS ADMINISTRATIVE EXPENSES, AND (ii) TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, "<u>Steve & Barry's</u>" or the "<u>Debtors</u>"), respectfully represent:

**<u>Background</u>**

1. On the date hereof (the "<u>Commencement Date</u>"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Steve & Barry's Business

3.  Steve & Barry's is a specialty retailer of apparel and accessories that provides consumers with quality low-priced apparel. Founded in 1985, Steve & Barry's has grown exponentially from an original store in Philadelphia, Pennsylvania to 276 stores located throughout the United States. Many Steve & Barry's retail locations serve economically challenged areas that other retailers have abandoned because of household income levels, population trends or crime rates. During the course of its expansion, Steve & Barry's has diversified its business beyond its original line of university apparel, and its products currently fall broadly into three categories: (i) licensed university apparel and lifestyle brands, (ii) private-label casual clothing and accessories for men, women and children, and (iii) exclusive celebrity branded lines of apparel and accessories.

4.  Steve & Barry's offers quality apparel and accessories at dramatically lower prices than typically found for similar goods from other specialty retailers, and in a more upscale, customer-friendly store design. Steve & Barry's achieves this by operating stores with low occupancy costs, and by relying mostly upon word of mouth and news stories, rather than paid print or other advertising, resulting in significant cost savings. Steve & Barry's keeps its costs low by maintaining overseas offices and purchasing most merchandise directly from their sources without intermediaries. The savings realized through each strategy are then passed on to

Steve & Barry's customers in the form of low prices. Almost all items in Steve & Barry's retail locations are priced at $9.98 or less.

5. As of May 31, 2008, Steve & Barry's (including nondebtor affiliates) consolidated assets totaled approximately $693.5 million and recorded consolidated liabilities totaled approximately $638 million. Consolidated revenues for the twelve months ended May 31, 2008, were approximately $656.6 million. Steve & Barry's currently employs, either directly or through its non-debtor affiliates, approximately 8,600 domestic employees and 1,100 international employees. Approximately 7,300 of the domestic employees are part-time hourly employees and 1,300 are full-time salaried employees.

**Jurisdiction**

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7. By this Motion, the Debtors seek authority pursuant to section 503(b) of the Bankruptcy Code to treat all undisputed obligations of the Debtors owing to Vendors (as defined herein) arising from the postpetition delivery of goods and services ordered in the prepetition period as administrative expenses, and authorizing the Debtors to pay such obligations in the ordinary course of business.

**The Debtors' Obligations To Vendors**

8. In connection with the normal operation of their businesses, the Debtors rely on providers of goods and services including, but not limited to, manufacturers, suppliers, packagers, transporters, and product servicers (collectively, the "Vendors"). As of the

Commencement Date, the Debtors have certain prepetition purchase orders (the "Prepetition Orders") outstanding with various Vendors for goods and services ordered by the Debtors.

9. As a consequence of the commencement of these chapter 11 cases, Vendors may be concerned that the obligations arising from goods shipped or services ordered prepetition and delivered postpetition pursuant to the Prepetition Orders will be treated as general unsecured claims against the Debtors' estates. Vendors may refuse to ship such goods (or recall shipments thereof) or may refuse to perform services with respect to such Prepetition Orders unless the Debtors issue substitute postpetition purchase orders or obtain an order of the Court (i) providing that all undisputed obligations of the Debtors arising from the postpetition delivery of goods and services subject to Prepetition Orders are afforded administrative priority status under section 503(b) of the Bankruptcy Code and (ii) authorizing the Debtors to satisfy such obligations in the ordinary course of their businesses. Accordingly, out of abundance of caution, the Debtors request authority to treat the obligations arising from the postpetition delivery of goods and services ordered prepetition as administrative obligations of the Debtors' estates.

**Payment of Claims in Respect of Goods and Services
Ordered Prepetition and Delivered Postpetition
Is in the Best Interests of the Debtors and Their Estates**

10. Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of goods and services, including goods and services ordered prepetition, are afforded administrative expense priority status. In re Chateaugay Corp., 10 F.3d 944, 956 (2d Cir. 1993) (holding an obligation from the postpetition performance related to a prepetition transaction is entitled to administrative expense priority); In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976) (same). Thus, the granting of the relief sought herein

with respect to goods and services ordered prepetition and delivered postpetition will not provide the Vendors with any greater priority than they otherwise would have if the relief herein were not granted, and will not prejudice any other party in interest. Absent such relief, however, the Debtors may be required to expend substantial time and effort reissuing the Prepetition Orders to provide the Vendors with assurance of such administrative priority. The attendant disruption to the continuous flow of goods and services to the Debtors could result in insufficient inventory of merchandise at the Debtors' retail locations and may lead to disruptions in the Debtors' operations. Such a disruption could lead to dissatisfied customers, potentially harming customer confidence in the Debtors' ability to conduct business at this critical juncture.

11. Courts in this and other districts have granted similar relief in other chapter 11 cases. See, e.g., In re Lexington Precision Corp., et al., Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 2, 2008) [Docket No. 23]; In re Sharper Image Corp., Case No. 08-10322 (KG) (Bankr. Del. Feb. 20, 2008) [Docket No. 49]; In re Silicon Graphics, Inc., et al., Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. May 10, 2006) [Docket No. 46]; In re Atkins Nutritionals, Inc., Case No. 05-15913 (ALG) (Bankr. S.D.N.Y. Aug. 1, 2005) [Docket No. 33]; In re Footstar, Inc., et al, Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 3, 2004) [Doc. No. 44], (Bankr. S.D.N.Y. Mar. 31, 2004) [Docket No. 257]; In re Loral Space & Communications Ltd., et al., Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. July 16, 2003)[ Docket No. 41]; and In re WestPoint Stevens, Inc., Case No. 03-13532 (RDD) (Bankr. S.D.N.Y. June 3, 2003) [Docket No. 42]. The Debtors submit that similar authorization is appropriate in these chapter 11 cases.

12. Authorization of the payment of all charges requested herein shall not be deemed to constitute postpetition assumption or adoption of any of the related agreements

pursuant to section 365 of the Bankruptcy Code. The Debtors reserve all of their rights under the Bankruptcy Code with respect thereto.

14. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates and creditors, and therefore should be granted in these chapter 11 cases.

### Waiver of Memorandum of Law

14. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

### Notice

15. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis). The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 9, 2008
      New York, New York

/s/ Lori R. Fife
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                    :
                                         :    Chapter 11 Case No.
                                         :
STEVE & BARRY'S                          :
MANHATTAN LLC, et al.,                   :    ___ - _____ (   )
                                         :
          Debtors.                       :    (Jointly Administered)
                                         :
------------------------------------------------------------x

# ORDER PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS (I) TO TREAT UNDISPUTED VENDOR OBLIGATIONS ARISING FROM THE POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED IN THE PREPETITION PERIOD AS ADMINISTRATIVE EXPENSES, AND (II) TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated July 9, 2008 (the "Motion") of Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 503(b) of title 11 of the United States Code (the "Bankruptcy Code") for authorization (i) to treat the Debtors' undisputed obligations to vendors (the "Vendors") arising from the postpetition delivery of goods and services ordered in the prepetition period (the "Prepetition Orders") as administrative expenses, and (ii) to pay such obligations in the ordinary course of business, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) counsel to

NY2:\1885810\06\14F3M06!.DOC\76023.0003

the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Barry Prevor Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on July 9, 2008, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that the undisputed obligations of the Debtors arising from postpetition delivery or shipment by Vendors of goods or services under the Prepetition Orders shall be afforded administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code; and it is further

       ORDERED that the Debtors are authorized to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment by Vendors of goods and services under the Prepetition Orders consistent with their customary practices; and it is further

       ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Prepetition Orders; and it is further

ORDERED that nothing herein shall be deemed to constitute an assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is waived.

Dated: July ___, 2008
      New York, New York

                                                                       UNITED STATES BANKRUPTCY JUDGE