WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                      :

**In re**                            :        **Chapter 11 Case No.**
                                        :

**STEVE & BARRY'S**              :

**MANHATTAN LLC, et al.,**    :     ___ - _____ (  )
                                        :

               **Debtors.**          :        **(Jointly Administered)**
                                        :
------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTIONS**
**105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE,**
**(i) FOR AUTHORIZATION TO PAY PREPETITION**
**SALES AND USE TAXES AND (ii) TO SCHEDULE A FINAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors

in possession (collectively, "<u>Steve & Barry's</u>" or the "<u>Debtors</u>"), respectfully represent:

<u>**Background**</u>

        1.       On the date hereof (the "<u>Commencement Date</u>"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to continue to operate their

businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.	Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Steve & Barry's Business**

3.	Steve & Barry's is a specialty retailer of apparel and accessories that provides consumers with quality low-priced apparel.  Founded in 1985, Steve & Barry's has grown exponentially from an original store in Philadelphia, Pennsylvania to 276 stores located throughout the United States.   Many Steve & Barry's retail locations serve economically challenged areas that other retailers have abandoned because of household income levels, population trends or crime rates.  During the course of its expansion, Steve & Barry's has diversified its business beyond its original line of university apparel, and its products currently fall broadly into three categories: (i) licensed university apparel and lifestyle brands, (ii) private-label casual clothing and accessories for men, women and children, and (iii) exclusive celebrity branded lines of apparel and accessories.

4.	Steve & Barry's offers quality apparel and accessories at dramatically lower prices than typically found for similar goods from other specialty retailers, and in a more upscale, customer-friendly store design.  Steve & Barry's achieves this by operating stores with low occupancy costs, and by relying mostly upon word of mouth and news stories, rather than paid print or other advertising, resulting in significant cost savings.  Steve & Barry's keeps its costs low by maintaining overseas offices and purchasing most merchandise directly from their sources without intermediaries.  The savings realized through each strategy are then passed on to Steve & Barry's customers in the form of low prices.  Almost all items in Steve & Barry's retail locations are priced at $9.98 or less.

5.     As of May 31, 2008, Steve & Barry's (including nondebtor affiliates) consolidated assets totaled approximately $693.5 million and recorded consolidated liabilities totaled approximately $638 million.   Consolidated revenues for the twelve months ended May 31, 2008, were approximately $656.6 million.  Steve & Barry's currently employs, either directly or through its non-debtor affiliates, approximately 8,600 domestic employees and 1,100 international employees.  Approximately 7,300 of the domestic employees are part-time hourly employees and 1,300 are full-time salaried employees.

## Jurisdiction and Venue

6.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.     By this Motion, the Debtors seek authorization to pay all prepetition sales and use tax obligations (the "Taxes and Fees"), including any penalties and interest thereon, to various state and local taxing authorities (collectively, the "Taxing Authorities"), and to schedule a final hearing granting the relief requested herein on a final basis.  In addition, the Debtors seek authorization to pay those Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Commencement Date.  A list of the Taxing Authorities is annexed hereto as Exhibit A.  Although the list of Taxing Authorities set forth on Exhibit A is substantially complete, the relief requested herein is to be applicable with respect to all Taxing Authorities and is not limited to those Taxing Authorities listed on Exhibit A.  As of the Commencement Date, the Debtors estimate that outstanding prepetition liabilities for all Taxes and Fees amount to approximately $2,500,000.

8.      The Taxes and Fees are remitted to the Taxing Authorities by the Debtors by means of checks and electronic fund transfers that are processed through the Debtors' banks (the "Banks"), including, but not limited to, Cathay Bank.  As such, the Debtors also seek that the Banks be authorized, when requested by the Debtors in their sole discretion, to process, honor and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition Taxes and Fees owed to the Taxing Authorities.

## Sales and Use Taxes

9.      In the normal course of business, the Debtors are required to collect sales taxes (the "Sales Taxes") from purchasers of their products on a per sale basis and periodically remit the Sales Taxes to the applicable Taxing Authorities.  Typically, Sales Taxes accrue as products are sold, and such taxes are calculated as a statutory percentage of the sale price.  The process by which the Debtors remit the Sales Taxes varies, depending on the nature of the tax at issue and the Taxing Authority which is to be paid.  Sales Taxes are remitted to the relevant Taxing Authorities either on the basis of estimated sales tax collections for the coming period or on the basis of sales tax actually collected from customers, in each case depending on the method required by the relevant Taxing Authority.  Similarly, states differ with regard to the frequency of payments.  With respect to those jurisdictions that require the Debtors to remit estimated Sales Taxes, the applicable Taxing Authority subsequently reconciles payments to determine any payment deficiency or surplus for the period.  A refund or payment is then either received or made.

10.     The Debtors also incur use taxes (the "Use Taxes") in connection with their purchase of certain tangible personal property or services from vendors that have no nexus to the resident state of the particular Debtor purchasing the property or services.  Such vendors

are not obligated to charge or remit Sales Taxes for sales to parties outside the state of the vendor's operations. Nevertheless, under the various state laws governing Use Taxes, the purchasers, in this case the Debtors, are obligated to self-assess and pay the Use Taxes, when applicable, to the state in which the purchasing Debtor operates. Currently, the Debtors pay Use Taxes in Missouri only.

11.     The Debtors estimate that, as of the date hereof, approximately $2,500,000 in Sales Taxes and approximately $1,000 in Use Taxes incurred by the Debtors have not yet been paid. These amounts are due to the respective Taxing Authorities on or before July 20, 2008.

### Payment of Prepetition Taxes and Fees is in the Best Interests of the Debtors and their Estates and Creditors

12.     Ample cause exists to authorize the payment of the prepetition Taxes and Fees, which payment is critical to the Debtors' continued and uninterrupted operations. There are various bases for granting the relief requested in this Motion, including: (i) the Taxes and Fees are not property of the estate; (ii) portions of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; (iii) governmental entities may sue the Debtors' directors and officers for unpaid Taxes and Fees, thereby distracting them from the Debtors' reorganization efforts; and (iv) section 105 of the Bankruptcy Code and the Court's general equitable powers permit the Court to grant the relief sought.

13.     Section 541 of the Bankruptcy Code provides that all the Debtors' legal and equitable interests in property as of the petition date are property of the bankruptcy estate. 11 U.S.C. §541. The Taxes and Fees constitute "trust fund" taxes, which are required to be collected from customers and held in trust for payment to the Taxing Authorities. These "trust fund" taxes are not property of the estate. See, e.g., Al Copeland Enters., Inc. v. Texas, 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were

held subject to trust and were not property of estate); <u>Shank v. Wash. State Dep't of Revenue (In re Shank)</u>, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); <u>DeChiaro v. N.Y. State Tax Comm'n</u>, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); <u>In re Am. Int'l Airways, Inc.</u>, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes are "trust fund" taxes); <u>see generally</u> <u>In re Columbia Gas Sys. Inc.</u>, 997 F.2d 1039, 1060 (3d Cir. 1993) (indicating that even if a statute does not establish an express trust, a constructive trust may be found). Because these "trust fund" taxes are not property of the Debtors' estates, these funds are not available for the satisfaction of creditors' claims.

14. Furthermore, the Taxes and Fees are entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code. As priority claims, such tax obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. As such, the requested relief merely affects the timing of the Debtors' payment of Sales and Use Taxes, not the amount paid in respect thereof.

15. In addition, many federal and state statutes hold officers and directors of collecting entities personally liable or criminally responsible for certain taxes owed by those entities. To the extent that certain Taxes and Fees remain unpaid by the Debtors, the Debtors' officers, directors, and other employees may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtors and their personnel from important tasks related to the Debtors' cases. The dedicated and active participation of the Debtors' directors, officers, and other employees is not only integral to the Debtors' continued, uninterrupted operations, but also essential to the orderly administration of these chapter 11 cases.

Accordingly, the Debtors submit that the proposed relief is in the best interests of the Debtors' estates.

16.     Section 363(b) of the Bankruptcy Code, which provides that "t[he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," 11 U.S.C. § 363(b)(1), also provides a statutory basis for the relief sought herein.  Under this section, a court may authorize a debtor to pay certain prepetition claims.  See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  To approve the use of a debtor's assets outside the ordinary course of business pursuant to section 363(b), a court must find that a sound business justification existed for the use of such assets.  See, e.g., In re Enron Corp., 335 B.R. 22, 27-28 (S.D.N.Y. 2005).

17.     The relief requested by the Debtors to pay the Taxes and Fees satisfies this standard.  As stated above, payment of the prepetition Taxes and Fees is critical to the Debtors' continued and uninterrupted operations.  Nonpayment of these obligations may cause the Taxing Authorities to take precipitous action, including, but not limited to, filing liens, preventing the Debtors from conducting business in the applicable jurisdictions, and seeking to lift the automatic stay, all of which would disrupt the Debtors' day-to-day operations.  Failing to pay such Taxes and Fees could also trigger unwarranted governmental action in the form of increased audits, which would also be disruptive of the Debtors' operations and detrimental to all parties in interest.  As such, paying the Taxes and Fees is well within the Debtors' sound business judgment.  Indeed, the Debtors submit that payment of the Taxes and Fees may actually reduce the amounts ultimately paid to the Taxing Authorities because penalties and interest will be avoided by prompt payment.

18.     Finally, there is ample precedent from courts in this jurisdiction for the relief requested herein.  In numerous chapter 11 cases, Bankruptcy Courts in this district, as well as other districts, have authorized debtors to pay prepetition tax obligations.[1]  See, e.g., In re Lexington Precision Corp., Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 22, 2008); In re PRC, LLC, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 13, 2008); In re Fortunoff Fine Jewelry and Silverware, LLC, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008); In re Bally Total Fitness of Greater New York, Inc., Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. 2007); In re Atkins Nutritionals, Inc., et al., Case No. 05-15913 (ALG) (Bankr. S.D.N.Y. 2005); In re Magellan Health Services, Inc., Case No. 03-40515 (PCB) (Bankr. S.D.N.Y. 2003); In re Global Crossing Ltd., Case No. 02-40188 (REG) (Bankr. S.D.N.Y. 2002); In re Enron Corp., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001).  The Debtors submit that similar relief is warranted in these chapter 11 cases.

### Payment of Checks Issued and Other Transfers
### Made in Respect of Prepetition Taxes and Fees is Warranted

19.     The Debtors further request that the Banks be authorized, when requested by the Debtors in their sole discretion, to process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all prepetition Taxes and Fees owed to Taxing Authorities, whether those checks or electronic fund transfers were presented prior to or after the Commencement Date, and to make other transfers provided that sufficient funds are available in the applicable accounts to make such payments.  The Debtors represent that each of these checks and transfers can be readily identified as relating directly to the authorized payment

---

[1] Because of the voluminous nature of the unreported orders cited herein, they are not annexed to this Motion.  Copies of these orders are available upon request of Debtors' counsel, including at the hearing to consider this Motion.

of prepetition Taxes and Fees. Accordingly, checks and transfers not relating to authorized payments will not be honored inadvertently.

20.     Nothing in this Motion should be construed as impairing the Debtors' right to contest the amount of Taxes and Fees asserted by any Taxing Authority, and the Debtors expressly reserve all of their rights with respect thereto.

21.     The Debtors' submit the facts cited herein illustrate that the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates. Based on the foregoing, Bankruptcy Rule 6003 has been satisfied.

22.     Furthermore, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).[2]

## Memorandum of Law

23.     Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

## Notice

24.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, (iii) those creditors holding the thirty largest unsecured claims against the

---

[2] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

Debtors' estates (on a consolidated basis), and (iv) the Taxing Authorities. The Debtors submit that no other or further notice need be provided.

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 9, 2008
    New York, New York

/s/ Lori R. Fife
Harvey R. Miller
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A
## Taxing Authorities

| State | Contact Information | |
|---|---|---|
| AL | Madison County Courthouse | 100 Northside Square<br>Huntsville, AL  35801-4820 |
| AL – City of Montgomery | City of Montgomery | PO Box 830469<br>Birmingham, AL  830469 |
| AL - Alatax | Alatax – Sales Tax Division | PO Box 830725<br>Birmingham, AL  35283-0725 |
| AL – Madison County | Sales Tax Division | 100 Northside Square<br>Huntsville, AL  35801-4820 |
| AL – Montgomery County | Judge Of Probate Of Montgomery County | 100 S Lawrence Street<br>Birmingham, AL  36104 |
| AL – City of Huntsville | City Clerk-Treasurer | PO Box 040003<br>Huntsville, AL  35804 |
| AR | Department of Finance & Administration | PO Box 3566<br>Little Rock, AR  72203-3861 |
| AZ | Arizona Department of Revenue | PO Box 29010<br>Phoenix, AZ  85038-9010 |
| AZ - Phoenix | Phoenix City Treasurer | PO Box 29690<br>Phoenix, AZ  85038-9690 |
| CA | Board of Equalization | PO Box 942879<br>Sacramento, CA, 94279-7072 |
| CO | Colorado Department of Revenue | 1375 Sherman Street<br>Denver, CO  80261-0009 |
| CO – City of Pueblo | City of Pueblo | PO Box 1427<br>Pueblo, CO  81002 |
| CO – City of Longmont | City of Longmont | 3rd and Kimbark<br>Longmont, CO  80501 |
| CO – City of Westminster | City of Westminster | PO Box 17107<br>Denver, CO  80217-7107 |
| CO – Colorado Springs | City of Colorado Springs | Department 2408<br>Denver, CO  80256-0001 |
| CT | Connecticut Dept. of Revenue | PO Box 5030<br>Hartford, CT  06102-5030 |
| FL | Florida Dept. of Revenue | 5050 W Tennessee St<br>Tallahassee, FL  32399-0120 |
| GA | Georgia Department of Revenue | PO Box 105296<br>Atlanta, GA  30348-5296 |
| HI | Hawaii State Tax Collector | PO Box 1425<br>Honolulu, HI  96806-1425 |

| State | Contact Information | |
|---|---|---|
| IA | Iowa Dept. of Revenue | PO Box 10412<br>Des Moines, IA 50306-0412 |
| ID | State Tax Commission | PO Box 76<br>Boise, ID 83707-00076 |
| IL | Illinois Dept. of Revenue | Retailers Occupation Tax<br>Springfield, IL 62796-0001 |
| IN | Indiana Dept. of Revenue | PO Box 7218<br>Indianapolis, IN 46207-7218 |
| KS | Kansas Dept. of Revenue | 915 SW Harrison Street<br>Topeka, KS 66625-5000 |
| KY | Kentucky Department of Revenue | Department of Revenue<br>Frankfort, KY 40620-0003 |
| LA | State of Louisiana | PO Box 3138<br>Baton Rouge, LA 70821-3138 |
| LA – City of Baton Rouge | City of Baton Rouge<br>Department of Finance | PO Box 2590<br>Baton Rouge, LA 70821 |
| MA | Massachusetts Dept. of Revenue | PO Box 7039<br>Boston, MA 02204-7039 |
| MD | Comptroller of Maryland | PO Box 17405<br>Baltimore, MD 21297-1405 |
| ME | Maine Revenue Services | PO Box 1065<br>Augusta, ME 04332-1065 |
| MI | Michigan Dept. of Treasury | Department 77003<br>Detroit, MI 48277-0003 |
| MN | Minnesota Dept. of Revenue | PO Box 64622<br>St. Paul, MN 55164 |
| MO | Missouri Dept. of Revenue | PO Box 840<br>Jefferson City, MO 65105-0840 |
| MS | Mississippi State Tax Commission | PO Box 23075<br>Jackson, MS 39225-3075 |
| NC | North Carolina Dept. of Revenue | PO Box 25000<br>Raleigh, NC 27640-0700 |
| NE | Nebraska Dept. of Revenue | PO Box 98923<br>Lincoln, NE 68509-8923 |
| NJ | State of New Jersey | PO Box 270<br>Trenton, NJ 08646-0270 |
| NJ – City of Elizabeth | City of Elizabeth<br>Franchise Assessment – Tax Collector | 50 Winfield Scott Plaza<br>Elizabeth, NJ 07201 |

| State | Contact Information | |
|---|---|---|
| NY | New York State Sales Tax<br>JAF Building | PO Box 1208<br>New York, NY 10116-1208 |
| NY - Manhattan | New York State Sales Tax<br>JAF Building | PO Box 1208<br>New York, NY 10116-1208 |
| OH | Ohio Department of Taxation | PO Box 16560<br>Columbus, OH 43216-6560 |
| OK | Oklahoma Tax Commission | PO Box 26850<br>Oklahoma City, OK 73126-0850 |
| PA | Sales Tax – PA<br>Department of Revenue | PO Box 280406<br>Harrisburg, PA 17128-0406 |
| SC | South Carolina Dept. of Revenue<br>Sales Tax | Sales Tax Return<br>Columbia, SC 29214-0101 |
| TN | Tennessee Dept. of Revenue | 500 Deaderick St<br>Nashville, TN 37242 |
| TX | Texas Comptroller of Public<br>Accounts | 111 E. 17th Street<br>Austin, TX 78774-0100 |
| UT | Utah State Tax Commission | 210 N. 1950 W<br>Salt Lake City, UT 84134-0400 |
| VA | Virginia Dept. of Taxation | PO Box 26626<br>Richmond, VA 23261-6626 |
| WA | Washington State Dept. of Rev. | PO Box 34051<br>Seattle, WA 98124 |
| WI | Wisconsin Dept. of Revenue | PO Box 93389<br>Milwaukee, WI 53293-0389 |
| WV | Sales Tax West Virginia | PO Box 1826<br>Charleston, WV 25327-1826 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                  :
In re                                             :          **Chapter 11 Case No.**
                                                  :
**STEVE & BARRY'S**                               :
**MANHATTAN LLC, et al.,**                        :          ___ - _____ (  )
                                                  :
         **Debtors.**                             :          **(Jointly Administered)**
                                                  :
-------------------------------------------------------------x

## INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE (i) AUTHORIZING THE DEBTORS TO PAY PREPETITION SALES AND USE TAXES AND (ii) SCHEDULING A FINAL HEARING

Upon the motion dated July 9, 2008 (the "Motion"), of Steve & Barry's

Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (the "Debtors"),

pursuant to sections 105(a), 363(b), and 541 of title 11 of the United States Code (the

"Bankruptcy Code") (i) for authorization to pay prepetition sales and use taxes (the "Taxes and

Fees"), and (ii) to schedule a final hearing to grant the relief requested in the Motion on a final

basis ("Final Hearing"), all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the United States Trustee for the Southern District of New York, (ii) counsel to the agents for

the Debtors' prepetition lenders, (iii)  those creditors holding the thirty (30) largest unsecured

claims against the Debtors (on a consolidated basis), and (iv) the Taxing Authorities, and it

appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Gary Sugarman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on July 9, 2008, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that the Debtors are authorized, but not required, to pay all prepetition Taxes and Fees due and owing to all taxing authorities on or before the Final Hearing, including, but not limited to, those listed on Exhibit A annexed hereto (the "Taxing Authorities") consistent with the practices and policies in effect as of the commencement of the Debtors' chapter 11 cases, including, without limitation, through the issuance of postpetition checks; and it is further

ORDERED that the Banks are directed and authorized to process, honor, and pay, to the extent of funds on deposit, any and all prepetition checks issued by the Debtors, in respect of any Taxes and Fees incurred prior to, or after, the commencement of these chapter 11 cases, to the Taxing Authorities, and it is further

ORDERED that the Debtors are authorized to issue postpetition checks in replacement of any checks in respect of prepetition Taxes and Fees dishonored or rejected as of the commencement of these chapter 11 cases; and it is further

ORDERED that nothing in this Order or the Motion waives or releases any rights the Debtors have to contest the amount of or basis for any Sales Taxes and Use Taxes allegedly due any Taxing Authority; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h),[1] the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a permanent basis shall be held on _____, 2008 at __:00 a.m. (Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242, and served upon (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to the agents for the Debtors' prepetition lenders, and (iv) counsel for any statutory committee appointed in these cases, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on _____, 2008; and it is further

ORDERED that the Debtors shall serve this Order within three business days of its entry on (i) the U.S. Trustee, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) creditors holding the thirty largest unsecured claims against the Debtors (on a consolidated basis); and it is further

---

[1] Bankruptcy Rule 6004(h) is an interim bankruptcy rule adopted pursuant to standing General Order M-308 of the United States Bankruptcy Court for the Southern District of New York, signed on October 11, 2005 by Chief Judge Stuart M. Bernstein.

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is waived.

Dated: July __, 2008
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A
## Taxing Authorities

| State | Contact Information | |
|-------|---------------------|---|
| AL | Madison County Courthouse | 100 Northside Square<br>Huntsville, AL 35801-4820 |
| AL – City of Montgomery | City of Montgomery | PO Box 830469<br>Birmingham, AL 830469 |
| AL - Alatax | Alatax – Sales Tax Division | PO Box 830725<br>Birmingham, AL 35283-0725 |
| AL – Madison County | Sales Tax Division | 100 Northside Square<br>Huntsville, AL 35801-4820 |
| AL – Montgomery County | Judge Of Probate Of Montgomery County | 100 S Lawrence Street<br>Birmingham, AL 36104 |
| AL – City of Huntsville | City Clerk-Treasurer | PO Box 040003<br>Huntsville, AL 35804 |
| AR | Department of Finance & Administration | PO Box 3566<br>Little Rock, AR 72203-3861 |
| AZ | Arizona Department of Revenue | PO Box 29010<br>Phoenix, AZ 85038-9010 |
| AZ - Phoenix | Phoenix City Treasurer | PO Box 29690<br>Phoenix, AZ 85038-9690 |
| CA | Board of Equalization | PO Box 942879<br>Sacramento, CA, 94279-7072 |
| CO | Colorado Department of Revenue | 1375 Sherman Street<br>Denver, CO 80261-0009 |
| CO – City of Pueblo | City of Pueblo | PO Box 1427<br>Pueblo, CO 81002 |
| CO – City of Longmont | City of Longmont | 3rd and Kimbark<br>Longmont, CO 80501 |
| CO – City of Westminster | City of Westminster | PO Box 17107<br>Denver, CO 80217-7107 |
| CO – Colorado Springs | City of Colorado Springs | Department 2408<br>Denver, CO 80256-0001 |
| CT | Connecticut Dept. of Revenue | PO Box 5030<br>Hartford, CT 06102-5030 |
| FL | Florida Dept. of Revenue | 5050 W Tennessee St<br>Tallahassee, FL 32399-0120 |
| GA | Georgia Department of Revenue | PO Box 105296<br>Atlanta, GA 30348-5296 |
| HI | Hawaii State Tax Collector | PO Box 1425<br>Honolulu, HI 96806-1425 |

| State | Contact Information | |
|---|---|---|
| IA | Iowa Dept. of Revenue | PO Box 10412<br>Des Moines, IA 50306-0412 |
| ID | State Tax Commission | PO Box 76<br>Boise, ID 83707-00076 |
| IL | Illinois Dept. of Revenue | Retailers Occupation Tax<br>Springfield, IL 62796-0001 |
| IN | Indiana Dept. of Revenue | PO Box 7218<br>Indianapolis, IN 46207-7218 |
| KS | Kansas Dept. of Revenue | 915 SW Harrison Street<br>Topeka, KS 66625-5000 |
| KY | Kentucky Department of Revenue | Department of Revenue<br>Frankfort, KY 40620-0003 |
| LA | State of Louisiana | PO Box 3138<br>Baton Rouge, LA 70821-3138 |
| LA – City of Baton Rouge | City of Baton Rouge<br>Department of Finance | PO Box 2590<br>Baton Rouge, LA 70821 |
| MA | Massachusetts Dept. of Revenue | PO Box 7039<br>Boston, MA 02204-7039 |
| MD | Comptroller of Maryland | PO Box 17405<br>Baltimore, MD 21297-1405 |
| ME | Maine Revenue Services | PO Box 1065<br>Augusta, ME 04332-1065 |
| MI | Michigan Dept. of Treasury | Department 77003<br>Detroit, MI 48277-0003 |
| MN | Minnesota Dept. of Revenue | PO Box 64622<br>St. Paul, MN 55164 |
| MO | Missouri Dept. of Revenue | PO Box 840<br>Jefferson City, MO 65105-0840 |
| MS | Mississippi State Tax Commission | PO Box 23075<br>Jackson, MS 39225-3075 |
| NC | North Carolina Dept. of Revenue | PO Box 25000<br>Raleigh, NC 27640-0700 |
| NE | Nebraska Dept. of Revenue | PO Box 98923<br>Lincoln, NE 68509-8923 |
| NJ | State of New Jersey | PO Box 270<br>Trenton, NJ 08646-0270 |
| NJ – City of Elizabeth | City of Elizabeth<br>Franchise Assessment – Tax Collector | 50 Winfield Scott Plaza<br>Elizabeth, NJ 07201 |

| State | Contact Information | |
|---|---|---|
| NY | New York State Sales Tax<br>JAF Building | PO Box 1208<br>New York, NY  10116-1208 |
| NY - Manhattan | New York State Sales Tax<br>JAF Building | PO Box 1208<br>New York, NY  10116-1208 |
| OH | Ohio Department of Taxation | PO Box 16560<br>Columbus, OH  43216-6560 |
| OK | Oklahoma Tax Commission | PO Box 26850<br>Oklahoma City, OK  73126-0850 |
| PA | Sales Tax – PA<br>Department of Revenue | PO Box 280406<br>Harrisburg, PA  17128-0406 |
| SC | South Carolina Dept. of Revenue<br>Sales Tax | Sales Tax Return<br>Columbia, SC  29214-0101 |
| TN | Tennessee Dept. of Revenue | 500 Deaderick St<br>Nashville, TN  37242 |
| TX | Texas Comptroller of Public Accounts | 111 E. 17th Street<br>Austin, TX  78774-0100 |
| UT | Utah State Tax Commission | 210 N. 1950 W<br>Salt Lake City, UT  84134-0400 |
| VA | Virginia Dept. of Taxation | PO Box 26626<br>Richmond, VA  23261-6626 |
| WA | Washington State Dept. of Rev. | PO Box 34051<br>Seattle, WA  98124 |
| WI | Wisconsin Dept. of Revenue | PO Box 93389<br>Milwaukee, WI  53293-0389 |
| WV | Sales Tax West Virginia | PO Box 1826<br>Charleston, WV 25327-1826 |