**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                                  :

In re                                                   :            Chapter 11 Case No.

**STEVE & BARRY'S**
**MANHATTAN LLC, et al.,**                :            08-12579 (ALG)

        Debtors.                        :            (Jointly Administered)

------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING RETENTION AND EMPLOYMENT OF
CONWAY, DEL GENIO, GRIES & CO., LLC AS FINANCIAL ADVISORS FOR
THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

        Upon the application dated July 9, 2008 (the "Application") of Steve & Barry's Manhattan LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to retain and employ Conway, Del Genio, Gries & Co., LLC ("CDG") as the financial advisors for the Debtors *nunc pro tunc* to the date of commencement of these chapter 11 cases, all as more fully set forth in the Application and the CDG letter agreement dated June 10, 2008 (the "CDG Agreement"); and upon consideration of the Affidavit of Robert P. Conway, a Principal of CDG, in support of the Application, sworn to on the 9th day of July, 2008 (the "Conway Affidavit"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Court for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the United States Trustee for the Southern District of New York, (ii) counsel to the agents for the Debtors' prepetition lenders, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Gary Sugarman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on July 9, 2008, the record of the Hearing, all of the proceedings had before the Court; the Court being satisfied, based on the representations made in the Application and the Conway Affidavit, that CDG does not represent or hold any interest adverse to the Debtors or to their estates as to the matters upon which it is to be engaged and is a "disinterested person" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of CDG is in the best interests of the Debtors and their estates; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Debtors are authorized to employ and pay CDG the fees as set forth in the Application and in accordance with the CDG Agreement, subject, however, to final allowance in accordance with sections 328(a), 330, and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York and orders of this Court; and it is further

ORDERED that the United States Trustee retains all rights to object to CDG's interim and final fee applications (including expense reimbursement) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of CDG for payment of indemnity pursuant to the CDG Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the CDG Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall CDG be indemnified in the case of its own gross negligence or willful misconduct; and it is further

ORDERED that in no event shall CDG be indemnified if the Debtors or a representative of the estate, assets a claim for, and a court determines by final order that such claims arose out of, CDG's own gross negligence or willful misconduct; and it is further

ORDERED that in the event that CDG seeks reimbursement for attorneys' fees from the Debtors pursuant to the CDG Agreement, the invoices and supporting time records from such attorneys shall be included in CDG's own applications (both interim

and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce the terms of the Application, the CDG Agreement, and this Order.

Dated: July 29, 2008
    New York, New York

                                        */s/ Allan L. Gropper*
                                      UNITED STATES BANKRUPTCY JUDGE