WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for the Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re                                               :          **Chapter 11 Case No.**
:
**STONE BARN MANHATTAN LLC**                        :
**(f/k/a Steve & Barry's Manhattan LLC), et al.,**  :          **08-12579 (ALG)**
:
**Debtors.**                                        :          **(Jointly Administered)**
:
-------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FIRST INTERIM FEE APPLICATION**

| NAME OF APPLICANT: | Weil, Gotshal & Manges LLP |
|---|---|
| | |
| TIME PERIOD: | July 9, 2008 through and including October 31, 2008 |
| | |
| ROLE IN THE CASE: | Attorneys for the Debtors |
| | |
| CURRENT APPLICATION: | Total Fees Requested:  $2,898,920.50 |
| | Total Expenses Requested:  $279,525.71 |
| | |
| PRIOR APPLICATIONS: | N/A |

# SUMMARY OF FIRST INTERIM FEE APPLICATION
## OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
### FOR THE PERIOD JULY 9, 2008 THROUGH OCTOBER 31, 2008

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT [1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Miller, Harvey R. | BFR - 1959 | $950.00 | 38.50 | $36,575.00 |
| Gold, Simeon | C - 1974 | $895.00 | 144.20 | $129,059.00 |
| Davis, Richard J. | L - 1970 | $860.00 | 7.70 | $6,622.00 |
| Fife, Lori R. | BFR - 1984 | $860.00 | 380.50 | $327,230.00 |
| Goldring, Stuart J. | T - 1984 | $860.00 | 12.10 | $10,406.00 |
| Osterman, Jeffrey D. | L - 1996 | $750.00 | 17.00 | $12,750.00 |
| Strochak, Adam P. | L - 1993 | $750.00 | 13.60 | $10,200.00 |
| Waisman, Shai Y. | BFR - 1997 | $725.00 | 563.20 | $408,320.00 |
| Sipple, John M. | L - 1980 | $710.00 | 13.60 | $9,656.00 |
| Margolis, Steven, M. | T- 1989 | $670.00 | 2.90 | $1,943.00 |
| Meises, Michele J. | BFR - 1992 | $630.00 | 45.10 | $28,413.00 |
| **Total Partners** | | | **1238.4** | **$981,174.00** |

---

[1] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  SA – Summer Associate,  X – Library  * Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Bodkin, Lynn | C - 1983 | $595.00 | 2.10 | $1,249.50 |
| Poscablo, Ryan P. | L - 2002 | $555.00 | 4.30 | $2,386.50 |
| Petherbridge, Vaughan | C - 2008 | $530.00 | 198.40 | $105,152.00 |
| Solow, Heather R. | L - 2004 | $530.00 | 238.30 | $125,928.00 |
| Toorock, Gretchen L. | L - 2001 | $490.00 | 4.40 | $2,156.00 |
| Vron, Victoria | BFR - 2005 | $490.00 | 522.80 | $256,172.00 |
| O'Grady, Timothy P. | T - 2006 | $465.00 | 42.00 | $19,530.00 |
| Curro, Matthew L. | BFR - 2008 | $415.00 | 548.60 | $227,669.00 |
| Geiger, Caroline P. | C - 2007 | $415.00 | 63.80 | $26,477.00 |
| Gurdian, Julio C. | BFR - 2008 | $415.00 | 714.20 | $296,393.00 |
| Cook, Richard R. | L - 2008 | $355.00 | 271.40 | $96,347.00 |
| Roistacher, Layne | L - 2008 | $355.00 | 463.00 | $164,152.00 |
| Castellani, Anne K. | L - * | $355.00 | 315.40 | $111,967.00 |
| Chhean, Chhunny | L - * | $355.00 | 283.90 | $100,784.50 |
| Conroy, Melanie | L - * | $355.00 | 267.60 | $94,998.00 |
| Liou, Jessica | BFR - * | $355.00 | 70.20 | $24,921.00 |
| Cassey, Lee J. | BFR - 2008 | $355.00 | 18.80 | $6,674.00 |
| **Total Associates** | | | **4029.2** | **$1,662,956.50** |

| NAME OF PROFESSIONAL<br><br>**Paralegals, Clerks, Library Staff and Other Non-Legal Staff** | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $240.00 | 61.50 | $14,760.00 |
| Washington, Yvonne | L | $225.00 | 33.70 | $7,447.50 |
| Sam, Mili | IS | $225.00 | 8.60 | $1,935.00 |
| Stauble, Christopher | BFR | $210.00 | 397.50 | $83,475.00 |
| Haiken, Lauren C. | IS | $210.00 | 133.30 | $27,993.00 |
| Litvack, David | BFR | $205.00 | 10.70 | $2,193.50 |
| Larangeira, Scott | LSS | $205.00 | 16.10 | $3,300.50 |
| Robin, Artur | LSS | $205.00 | 17.90 | $3,669.50 |
| Nudelman, Peter | LSS | $205.00 | 5.00 | $1,025.00 |
| Hoilett, Leason | L | $205.00 | 4.50 | $922.50 |
| Fredrick, Frances | L | $195.00 | 6.50 | $1,267.50 |
| Eremitaggio, Phyllis | L | $190.00 | 3.70 | $703.00 |
| Chan, Herbert | L | $190.00 | 81.00 | $15,390.00 |
| Amponsah, Duke | BFR | $180.00 | 12.20 | $2,043.00 |
| Bell, Andrew | LSS | $180.00 | 52.10 | $9,378.00 |
| Wilmer, Andrea | BFR | $155.00 | 40.80 | $6,324.00 |
| Etienne, Donald | BFR | $155.00 | 47.70 | $6,370.50 |
| Rodriguez, Ilusion | BFR | $155.00 | 28.40 | $4,402.00 |
| Aliseo, Nicole K. | BFR | $155.00 | 14.60 | $2,263.00 |
| Van Kampen, Allison L. | L | $155.00 | 6.70 | $1,038.50 |
| Matiteyahu, Gillad | BFR | $155.00 | 380.10 | $58,714.00 |
| Pasion, Luis L. | MC | $140.00 | 2.50 | $175.00 |
| **Total Paraprofessionals** | | | **1365.1** | **$254,790.00** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $792.29 | 1238.4 | $981,174.00 |
| Associates | $412.87 | 4029.2 | $1,662,956.50 |
| Paraprofessionals | $187.88 | 1,365.1 | $254,790.00 |
| **Total Fees Incurred** | | **6,632.7** | **$2,898,920.50** |
| **Blended Attorney Rate** | **$502.07** | | |
| | | | |
| **Total Fees Requested** | | **6,632.7** | **$2,898,920.50** |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                   :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **STONE BARN MANHATTAN LLC** | : | |
| **(f/k/a Steve & Barry's Manhattan LLC), <u>et</u> <u>al.</u>,** | : | **08-12579 (ALG)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

**FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP,
AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
<u>EXPENSES INCURRED FROM JULY 9, 2008 THROUGH OCTOBER 31, 2008</u>**

TO THE HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE:

                Weil, Gotshal & Manges LLP ("<u>WGM</u>"), attorneys for Stone Barn Manhattan

LLC (formerly known as Steve & Barry's Manhattan LLC) and certain of its affiliates, as debtors

and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), for its first

application (the "<u>Application</u>"), pursuant to sections 330(a) and 331 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), for the interim allowance of compensation for professional

services performed by WGM for the period commencing July 9, 2008  through and including

October 31, 2008 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.     This Application has been prepared in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 (the "Fee and Disbursement Guidelines") and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and Disbursement Guidelines, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order," and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit A.  Pursuant to the UST Guidelines, the Debtors have reviewed this Application and approved of the entire amount requested by WGM for services performed and expenses incurred during the Compensation Period.

2.     WGM seeks allowance of interim compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $3,178,246.21, which consists of  $2,898,720.50, representing 100% of the fees incurred during the Compensation Period, and reimbursement of $279,525.71, representing 100% of the actual and necessary expenses WGM incurred during the Compensation Period.  During the

Compensation Period, WGM attorneys and paraprofessionals expended a total of 6,632.7 hours for which compensation is sought.

3.      During the Compensation Period, other than pursuant to the Administrative Order, WGM has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between WGM and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

4.      In accordance with the Administrative Order, WGM has received payments totaling $2,043,052.20 for the Compensation Period, which consists of $1,820,780.20, representing 80% of the fees incurred during the first three months of these cases and $222,272.00, representing 100% of the expenses incurred during the Compensation Period.

5.      Prior to the date of the hearing on this Application, the Debtors expect to pay WGM $558,269.91 for the month of October 2008, which consists of $501,016.20, representing 80% of the fees incurred during such month and $57,253.71, representing 100% of the expenses incurred during such month.

6.      During the Compensation Period WGM voluntarily reduced its charges by $17,150.80.

7.      The fees charged by WGM in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates WGM charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WGM charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Such fees are reasonable based on the customary

compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

8.      Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit B</u> is a schedule setting forth all WGM professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by WGM, the department in which each individual practices, the hourly billing rate charged by WGM for services performed by such individual, the year in which each professional was first licensed to practice law and the aggregate number of hours expended in this matter and fees billed therefor.

9.      Annexed hereto as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which WGM is seeking reimbursement and the total amount for each such expense category.

10.     Pursuant to Section II.D of the UST Guidelines, annexed hereto as <u>Exhibit D</u> is a summary of WGM's time records billed during the Compensation Period, including the utilization of project categories as hereinafter described.

11.     WGM maintains computerized records of the time spent by all WGM attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases.  Subject to redaction or modification for the attorney-client privilege where necessary to protect the Debtors' estates, copies of these computerized records have been furnished to the Court, the attorneys for the official committee of unsecured creditors (the "<u>Creditors' Committee</u>"), and the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") in the format specified by the UST Guidelines.  Due to the size of such computerized records, they are not attached to this Application, but are available upon request.

12.     In the one year prior to the commencement of these chapter 11 cases, the Debtors paid WGM an aggregate amount of $1,300,000 in respect of professional services rendered and to be rendered and for disbursements incurred and to be incurred in connection with (i) the Debtors' efforts prior to the commencement of these chapter 11 cases to restructure their obligations out of court, (ii) the preparation for the Debtors' chapter 11 cases, and (iii) certain other related matters.  In the Affidavit of Lori R. Fife and Disclosure Statement of Weil, Gotshal & Manges LLP Pursuant to Bankrutpcy Code Sections 327, 328(a), 329 and 504 and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in Support of Debtors' Application for Authorization to Employ and Retain Weil, Gotshal & Manges LLP as Attorneys for The Debtors, *Nunc Pro Tunc* to the Commencement Date (the "Fife Affidavit"), WGM disclosed that it has used this advance to credit the Debtors' account for WGM's estimated charges for professional services performed and expenses incurred up to the time of the commencement of these chapter 11 cases and has reduced the balance of the credit available to the Debtors by the amount of such charges.  As of the Commencement Date, WGM had a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the approximate amount of $49,203.29.  (Fife Affidavit ¶ 6).  WGM will retain this amount and apply it towards any amounts owing as of the final fee applications considered by the Court.

13.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, WGM reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## BACKGROUND

14.     On July 9, 2008 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15.     On July 9, 2008, the Debtors filed an Application to Employ Weil, Gotshal & Manges LLP as Attorneys for the Debtors.  [Docket No. 29].  No objections were filed to WGM's retention and pursuant to an order of this Court dated July 30, 2008, the Debtors' were authorized to retain WGM as their attorneys to render legal services in the prosecution of their chapter 11 cases.  [Docket No. 298].

16.     On July 17, 2008, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Creditors' Committee.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

17.     On August 22, 2008, the Court entered an Order pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9014 (i) authorizing the sale (the "Sale") of substantially all of the Debtors' assets, free and clear of liens, claims, encumbrances and other interests; (ii) approving the Amended and Restated Asset Purchase Agreement (the "APA") dated as of August 22, 2008 between the Debtors and BH S&B Holdings LLC (the "Purchaser"); (iii) authorizing the assumption and assignment of certain executory contracts and unexpired leases; (iv) authorizing the conduct of store closing sales; (v) approving the agency agreements; and (vi) granting related relief [Docket No. 628].  The Sale closed on August 26, 2008.

18.     On September 18, 2008, each of the Debtors filed a Statement of Financial Affairs and Schedule of Assets and Liabilities (collectively, the "Schedules and Statements").

19.     The Debtors have advised WGM that, to date, they have paid all quarterly fees due to the U.S. Trustee.

## SUMMARY OF SERVICES

20.     In the initial four months of these chapter 11 cases, WGM was required to render professional services to deal with various issues typically faced by a debtor at the outset of a chapter 11 case.  In addition, WGM rendered professional services related to the sale of substantially all of the Debtors' assets within the first two months of these chapter 11 cases, and to responding to various discovery requests.

21.     WGM devoted a substantial amount of time toward addressing numerous issues in connection with the Debtors' (i) negotiation of the final order authorizing the Debtors to use cash collateral and granting adequate protection to prepetition secured lenders; (ii) prosecuting the Debtors' first day motions; (iii) sale of all or substantially all of the Debtors' assets; (iv) preparing the Debtors' Schedules and Statements; (v) dealing with scores of landlord and vendor issues; and (v) responding to discovery requests.

22.     Other professional services rendered by WGM during the Compensation Period included, among other things, (i) preparing Debtors' officers for hearings; (ii) participating in various meetings with the attorneys for the Creditors' Committee and counsel for the Debtors' prepetition secured lenders; (iii) responding to creditor inquiries concerning the chapter 11 cases; (iv) preparing monthly operating reports; and (v) preparing and filing, on behalf of the Debtors, numerous motions, applications, and related court pleadings regarding, among other things, the retention of professionals, the extension of time to assume or reject unexpired leases and executory contracts and, the establishment of a date by which to file proofs of claims.

23.     The following is a summary of the significant professional services rendered by WGM during the Compensation Period.  This summary is organized in accordance with WGM's internal system of project or work codes.  Exhibit D provides a more detailed breakdown of the time devoted and fees allocable to each work code.

a.     Case Administration (Work Code LP0001)

- Maintained project list, case calendar, working group lists, master service list, hearing transcripts and case docket of documents filed with the Court.

- Prepared and filed agenda letters, affidavits of services, and notices for each hearing before the Court.

- Met and teleconferenced with the Debtors regarding the cases and various business issues.

- Responded to various calls from parties in interest.

- Assisted in preparation of monthly operating reports.

b.     Unsecured Creditors Issues/Meetings/
Communications/Creditors' Committee (Work Code LP0002)

- Reviewed retention application for Creditors' Committee's counsel, Cooley, Godward Kronish LLP, and financial advisor; attend hearings regarding the same.

- Prepared for, attended at and participated in meetings with the Creditors' Committee and/or its professionals.

- Conducted teleconferences with the attorneys for the Creditors' Committee regarding the status of the cases, settlement of estate causes of actions and various other issues.

- Reviewed Creditors' Committee document demands and corresponded with Creditors' Committee counsel regarding same.

- Communicated with Debtors regarding Creditors' Committee meetings.

- Prepared for and attended 341 meeting and corresponded with Debtors regarding same.

- Reviewed Creditors' Committee's 2004 motion.

c.    Secured Creditor Issues/Meetings/Communications (Work Code LP0003)

- Negotiated consensual use of cash collateral.

- Drafted and revised omnibus reply to objections to Debtors' request to use cash collateral.

d.    General Case Strategy (Work Code LP0004)

- Held numerous conferences with the Debtors' management, Debtors' financial advisor and the Creditors' Committee regarding strategic issues in the Debtors' chapter 11 cases.

- Held internal meetings to prepare case and develop strategy regarding, among other things, hearings, vendor issues, utility issues, 363 sale process, and corporate governance issues following 363 sale.

- Conferred with various parties regarding the sale of all or substantially all of the assets of the Debtors.

e.    Hearing and Court Matters (Work Code LP 0005)

- Drafted and filed numerous requests for relief, including, amended utilities motion, amended sale motion, motion to pay certain celebrity license royalties, motions to extend time to file Schedules and Statements, application to amend Conway, Del Genio, Gries & Co., LLC agreement, motion to establish procedures to reject executory contracts, motion to enlarge time to remove claims, motion to extend exclusive periods, and motion to extend time to assume nonresidential real property leases.

- Prepared for, attended and participated in numerous hearings, including first day hearing, cash collateral hearing, utilities hearing, bidding procedures and sale hearing, and hearings on motion to extend time to file Schedules and Statements, applications to retain financial advisors, motion to extend time to assume nonresidential real property leases, motion to approve rejection procedures, motion to extend exclusivity periods, and motion to pay celebrity royalties, among others.

- Drafted and revised various proposed orders.

- Prepared and filed notices of adjournment.

- Coordinated court call process and responded to queries regarding same.

- Conferred with opposing counsel regarding upcoming hearings.

f.  WGM Retention/Billings/Fee Applications (Work Code LP0006)

- Reviewed conflicts information and file supplemental disclosures

- Reviewed WGM monthly billing summary reports.

- Prepared monthly fee statements.

g.  Retention/Fee Applications:
    Ordinary Course Professionals (Work Code LP0007)

- Coordinated filing of various ordinary course professional affidavits and questionnaires.

- Reviewed questionnaires and affidavits filed by ordinary course professionals.

- Drafted, revised, and filed ordinary course professional list.

h.  Retention/Fee Application: Other Professionals (Work Code LP 0008)

- Commented on and negotiated Conway, Del Genio, Gries & Co., LLC amended retention letter.

- Prepared amended retention application for Conway, Del Genio, Gries & Co., LLC as Debtors' financial advisor.

- Conferred with U.S. Trustee and Creditors' Committee's counsel regarding Conway, Del Genio, Gries & Co., LLC retention.

- Conferred with conflicts counsel regarding retention.

- Reviewed Clear Thinking Group, LLC retention application.

i.  Schedules/Statement of Financial Affairs (Work Code LP 0009)

- Prepared, reviewed, revised and commented on Debtors' Schedules and Statements.

- Conducted numerous meetings and telephone conferences with the Debtors and Epiq Systems regarding the preparation of the Debtors' Schedules and Statements.

- Prepared motions seeking extensions of time to file the Debtors' Schedules and Statements.

j.      U.S. Trustee Related Issues (Work Code LP0010)

- Teleconferences with the U.S. Trustee's Office regarding various issues pertaining to the Debtors' chapter 11 cases including, but not limited to, the formation of the Creditors' Committee, section 345 stipulations, the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, the Sale, and the election of a privacy ombudsman.

k.      General Business Operations (Work Code LP 0011)

- Conferences with Debtors' management regarding business operations including, but not limited to, cash management system and bank accounts, freight forwarders and utilities.

- Drafted, revised, and filed motion to change Debtors' names.

- Conferred with Debtors regarding operations following 363 sale.

- Conferred with financial advisors regarding wind down of estates.

- Interviewed potential wind down officers.

- Conferred with Cathay Bank regarding documentary drafts.

*l.*      Corporate Governance (Work Code LP 0012)

- Teleconferences with Debtors regarding corporate governance issues.

m.      DIP Financing/Cash Collateral (Work Code LP 0013)

- Participated in numerous teleconferences with the attorneys for prepetition lenders regarding use of cash collateral.

- Negotiated cash collateral order.

- Reviewed comments from parties-in-interest to cash collateral order.

- Reviewed and responded to objections to Debtors' motion requesting the use of cash collateral.

- Attended hearing on interim and final approval of use of cash collateral.

n.    Insurance Issues (Work Code LP 0015)

- Prepared insurance binder for U.S. Trustee.

- Conferred with Debtors regarding workers' compensation program.

o.    Employee/ERISA/Benefits Issues (Work Code LP0016)

- Conferred with Debtors regarding Indian office severance program.

- Draft correspondence with government agencies.

p.    Asset Disposition/363 Issues (Work Code LP0017)

- Prepared, reviewed, revised and finalized form of asset purchase agreement, exhibits and schedules thereto for 363 sale; reviewed bidder markups of form of asset purchase agreement; drafted final stalking horse asset purchase agreement.

- Prepared, reviewed, revised and finalized form of agency agreement and final agency agreement.

- Assisted potential purchasers with diligence; collected documents for dataroom.

- Conferred with Debtors' management and other professionals regarding 363 sale process.

- Conferred with various potential buyers regarding the Debtors' assets, business, bidding procedures and asset purchase agreement.

- Conferred with Creditors' Committee regarding sale process and issues related to the sale.

- Conferred with Debtors' prepetition secured lenders regarding bidding procedures and sale process.

- Conferred with licensors regarding sale process and transfer of intellectual property to potential purchaser.

- Drafted, reviewed, revised and finalized various documents in connection with 363 sale process, including, but not limited to, non-disclosure agreements, solicitation letters, various pleadings, bid packages, sale notices, cure amount notices, bidding procedures, and website information.

- Reviewed and analyzed bids from potential purchasers including going concern purchasers and liquidators.

- Drafted, reviewed, revised and prosecuted motion to sell all or substantially all of the assets of the Debtors.

- Conferred with parties objecting to sale motion, and others with comments to sale motion and related documents.

- Reviewed Creditors' Committee objection to sale motion and conferred with Creditors' Committee regarding same.

- Drafted responses to objections to sale motion as necessary.

- Prepared presentations for potential bidders.

- Prepared for and participated in hearing requesting that the Court approve the sale of all or substantially all of the debtors assets, the bidding procedures and stalking horse bid.

- Researched Hart Scott Rodino issues; prepared draft filing and coordinated with potential purchasers regarding same; filed documents with FTC and follow up regarding same.

- Prepared IP transfer documents, closing checklist, and various other ancillary documents related to 363 sale.

- Prepared for and conducted auction of Debtors' assets; negotiated with prepetition creditors and potential purchasers.

- Conferred with Creditors' Committee and counsel for equity holders regarding 9019 motion to settle potential claims against various parties.

- Reviewed and commented on 9019 motion; reviewed Creditors' Committee comments to same.

- Closed sale of substantially all of the Debtors' assets; coordinated creation of escrow accounts and funds flow.

- Attended to post closing matters including, but not limited to, changing Debtors' names, Debtors' governance, landlord issues, transfer of funds, preparing closing sets, updating website to reflect sale, inventory reconciliation, conferring with Purchaser regarding interpretation of APA provisions, maintaining cash management system, purchaser reimbursement issues, payments to secured creditors, disbursement of escrowed funds, finalizing intellectual property transfers, and letter of credit agreement.

- Responded to Debtor queries regarding operations following the closing on asset purchase agreement.

q.  Executory Contracts/365 Issues (Work Code LP0018)

- Researched issues regarding performance of contracts; conferred with Debtors regarding same.

- Conferred with Debtors and other professionals regarding celebrity, collegiate and other licensing agreements.

- Prepared, reviewed, revised and prosecuted motion to pay royalties.

- Reviewed Chase Paymenttech and American Express agreements and conferred with Debtors regarding same.

- Prepared assumption and cure schedule in connection with the sale of substantially all of the Debtors' assets.

- Reviewed assignment objections.

- Researched equipment lease issues and conferred with equipment lease counterparties.

- Prepared, reviewed, finalized and prosecuted motion to set executory contract rejection procedures.

r.  Real Property/365 Issues (Work Code LP0019)

- Conferred with landlords regarding payment issues and assumption and rejection issues.

- Prepared and prosecuted motion to extend time to assume or reject unexpired leases and executory contracts.

- Prepared, reviewed, revised and prosecuted Debtors' motion to establish rejection procedures; conferred with landlords regarding executory contract rejection procedures.

- Prepared, reviewed, revised and prosecuted objection to various landlords' request for payment of stub rent.

- Reviewed and responded to various landlords' motions to compel payment of rent.

- Prepared, filed and served lease rejections.

- Researched issues related to contractor liens on leased properties.

- Conferred with Debtors regarding lease modifications; reviewed leased modification agreement.

- Reviewed adequate assurance information provided by potential purchaser of substantially all of the Debtors' assets.

- Conferred with Debtors regarding appropriate cure amounts for leases.

- Prepared, reviewed, revised and coordinated stipulation with Randhurst Mall landlord to vacate premises by a date certain.

- Conferred with various landlords regarding build out store status and potential assumption or rejection.

s.    Bar Motion and Claims Reconciliation Issues (Work Code LP0022)

- Prepared, reviewed, finalized and prosecuted motion to set bar dates.

- Conferred and settled Extra Plastic USA's 503(b)(9) claim.

t.    Automatic Stay (Work Code LP0023)

- Drafted various automatic stay letters.

- Conferred with Debtors regarding automatic stay issues.

- Reviewed lift stay motions and conferred with moving parties regarding same.

- Conferred with AGI regarding their lift stay motion and various other joinders to such motion from foreign creditors.

- Drafted, reviewed and finalized stipulations with various parties requesting lifting of the automatic stay, including freight forwarders.

u.    Exclusivity (Work Code LP0026)

- Drafted, reviewed, finalized and prosecuted motion to extend exclusivity.

v.    Plan of Reorganization/Plan Confirmation (Work Code LP0027)

- Emailed with U.S. Trustee regarding plan issues.

w.    Tax Issues (Work Code LP0029)

- Research issues relating to priority of certain tax claims.

- Researched tax implications of stock transfers and the effect of other restructuring transactions.

- Conferred with various taxing authorities regarding tax issues.

- Conferred with Debtors and other professionals regarding tax issues.

- Research sale and use tax issues.

- Draft FIRPTA certifications in preparation of closing and consulted with the purchaser regarding same.

x.    Customer/Vendor Issues (Work Code LP0031)

- Conferred with various vendors regarding chapter 11 cases.

- Conferred with Debtors regarding foreign vendor issues, including shippers and freight forwarders.

- Prepared vendor communications material.

- Responded to various vendor questions regarding various notices received.

- Conferred with various vendors regarding termination of services.

y.    Utility Issues (Work Code LP0032)

- Conferred with utility companies regarding service disruptions and requests for adequate assurance.

- Conferred with Debtors regarding adequate assurance requests and payments.

- Reviewed objections to 366 motion and respond to same.

- Reviewed and revised proposed 366 order.

- Prepared objections to utility companies requesting adequate assurance.

z.    Non-Bankruptcy Litigation (Work Code LP0035)

- Conferred with WGM team and Debtors regarding non-bankruptcy litigation issues.

- Conferred with Debtors and vendors regarding document collection, preservation, and production.

- Researched issues related to withdrawal of bankruptcy reference for Starbury motion.

- Drafted, reviewed, revised, and prosecute motion to extend time to remove actions.

aa.    <u>Non Working Travel (Work Code LP0036)</u>

- Traveled to and from various destinations including, but not limited to, Court hearings, Debtors' offices, section 341 meetings, among other things.

bb.    <u>Intellectual Property (Work Code LP0037)</u>

- Researched assignment issues related to intellectual property, including trademarks, domain names, and celebrity endorsements.

- Reviewed intellectual property registration documents.

- Conducted IP diligence.

- Released security interests on intellectual property to prepare for sale of all assets of the Debtors.

- Filed intellectual property assignments and closed 363 transaction.

cc.    <u>Discovery/Document Review and Production (Work Code LP0038)</u>

- Conferred with Debtor regarding document retention policy.

- Communicated with vendors to ensure proper handling of documents.

- Collected documents to prepare for various productions.

- Reviewed documents for responsiveness and privilege and produced same as necessary.

24.    The foregoing professional services performed by WGM were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by WGM were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

25.    The majority of the services performed by members and associates of WGM were rendered by the Business Finance & Restructuring Department. WGM has a preeminent practice in this area and enjoys a national reputation for its expertise in financial

reorganizations and restructurings of troubled entities, with approximately 92 attorneys that specialize in this area of law.

26.     The professional services performed by WGM on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 6,632.7 recorded hours by WGM's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 1,238.4 recorded hours were expended by partners and counsel of WGM, 4,029.2 recorded hours were expended by associates, and 1,365.1 recorded hours were expended by paraprofessionals of WGM.

27.     During the Compensation Period, WGM billed the Debtors for time expended by attorneys bases on hourly rates ranging from $355 to $950 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $502.07 (based on 5,267.6 recorded hours for attorneys at WGM's regular billing rates in effect at the time of the performance of services).  As noted, annexed hereto is a schedule listing each WGM professional and paraprofessional who performed services in these cases during the Compensation Period, the hourly rate charged by WGM for services performed by each such individual, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WGM

28.     As set forth in Exhibit C hereto, WGM has disbursed $279,525.71 as expenses incurred in providing professional services during the Compensation Period.  WGM's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, WGM will charge $0.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, WGM believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to

ascertain.  Other reimbursable expenses (whether the service is performed by WGM in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

29.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  *Id.* § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* at § 330(a)(3).

30.     In the instant case, WGM respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the Debtors' orderly administration of their estates and their rehabilitation and reorganization effort.  WGM worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 process.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Accordingly, WGM further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

31.     The foregoing professional services performed by WGM were necessary and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services performed by WGM were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed with expedience and in an efficient manner.

32.     Whenever possible, WGM sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine aspects of case administration.  A small group of the same WGM attorneys was utilized for the vast majority of the work in these cases to minimize the costs of intra-WGM communication and education about the Debtors' circumstances.

33.     In sum, the services rendered by WGM were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the

complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **CONCLUSION**

WHEREFORE WGM respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $3,178,246.21, which consists of $2,898,720.50, representing 100% of the fees incurred during the Compensation Period, and reimbursement of $279,525.71, representing 100% of the actual and necessary expenses WGM incurred during the Compensation Period; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WGM's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (iii) such other and further relief as is just.

Dated: January 13, 2009
        New York, New York

                                      /s/ Shai Y. Waisman
                                      Lori R. Fife
                                      Shai Y. Waisman
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession

# EXHIBIT A

**(Certification)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re                                 :         **Chapter 11 Case No.**
:
**STONE BARN MANHATTAN LLC**     :
**(f/k/a Steve & Barry's Manhattan LLC), et al.,**   :        **08-12579 (ALG)**
:
             **Debtors.**            :        **(Jointly Administered)**
:
-----------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST
APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Shai Y. Waisman, hereby certify that:

1.        I am a partner with the applicant firm, Weil, Gotshal & Manges

LLP ("WGM"), with responsibility for the chapter 11 cases of Stone Barn Manhattan

LLC (formerly known as Steve & Barry's Manhattan LLC) and certain of its affiliates, as

debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), in respect of compliance with the Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court

on June 20, 1991 (the "Fee and Disbursement Guidelines") and the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "Local Guidelines"), the United States Trustee Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and the

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule

2016(a) Establishing Procedures for Monthly Compensation and Reimbursement of

Expenses of Professionals (the "Administrative Order," and collectively with the

Amended Local Guidelines and UST Guidelines, the "Guidelines").

2.      This certification is made in respect of WGM's application, dated

January 13, 2009 (the "Application"), for interim compensation and reimbursement of

expenses for the period commencing July 9, 2008 through and including October 31,

2008 (the "Compensation Period") in accordance with the Guidelines.

3.      In respect of section 2 of the Fee and Disbursement Guidelines, I

certify that WGM reviewed the fee application and has approved it.

4.      In respect of section B.1 of the Local Guidelines, I certify that:

    a.      I have read the Application;

    b.      to the best of my knowledge, information, and belief
formed after reasonable inquiry, the fees and disbursements
sought fall within the Local Guidelines;

    c.      the fees and disbursements sought are billed at rates in
accordance with those customarily charged by WGM and
generally accepted by WGM's clients; and

    d.      in providing a reimbursable service, WGM does not make a
profit on that service, whether the service is performed by
WGM in-house or through a third party.

5.      In respect of section B.2 of the Local Guidelines and as required by the Administrative Order, I certify that WGM has complied with these provisions requiring it to provide counsel for the official committee of unsecured creditors appointed in these cases and the Debtors, with a statement of WGM's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timetables set forth in the Local Guidelines and the Administrative Order.

6.      In respect of section B.3 of the Local Guidelines, I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: January 13, 2009
        New York, New York


                                                   /s/ Shai Y. Waisman
                                                  Lori R. Fife
                                                  Shai Y. Waisman
                                                  WEIL, GOTSHAL & MANGES LLP
                                                  767 Fifth Avenue
                                                  New York, New York 10153
                                                  Telephone: (212) 310-8000
                                                  Facsimile: (212) 310-8007

                                                  Attorneys for Debtors
                                                  and Debtors in Possession

# EXHIBIT B

## SUMMARY OF FIRST INTERIM FEE APPLICATION
## OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
## FOR THE PERIOD JULY 9, 2008 THROUGH OCTOBER 31, 2008

| NAME OF PROFESSIONAL<br><br>PARTNERS & OF COUNSELS: | DEPARTMENT [2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Miller, Harvey R. | BFR - 1959 | $950.00 | 38.50 | $36,575.00 |
| Gold, Simeon | C - 1974 | $895.00 | 144.20 | $129,059.00 |
| Davis, Richard J. | L - 1970 | $860.00 | 7.70 | $6,622.00 |
| Fife, Lori R. | BFR - 1984 | $860.00 | 380.50 | $327,230.00 |
| Goldring, Stuart J. | T - 1984 | $860.00 | 12.10 | $10,406.00 |
| Osterman, Jeffrey D. | L - 1996 | $750.00 | 17.00 | $12,750.00 |
| Strochak, Adam P. | L - 1993 | $750.00 | 13.60 | $10,200.00 |
| Waisman, Shai Y. | BFR - 1997 | $725.00 | 563.20 | $408,320.00 |
| Sipple, John M. | L - 1980 | $710.00 | 13.60 | $9,656.00 |
| Margolis, Steven, M. | T- 1989 | $670.00 | 2.90 | $1,943.00 |
| Meises, Michele J. | BFR - 1992 | $630.00 | 45.10 | $28,413.00 |
| **Total Partners** | | | **1238.4** | **$981,174.00** |

---

[2] BFR- Business Finance & Restructuring, C – Corporate, L – Litigation, T – Tax, SA – Summer Associate, X – Library  * Not yet admitted to the bar.

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Bodkin, Lynn | C - 1983 | $595.00 | 2.10 | $1,249.50 |
| Poscablo, Ryan P. | L - 2002 | $555.00 | 4.30 | $2,386.50 |
| Petherbridge, Vaughan | C - 2008 | $530.00 | 198.40 | $105,152.00 |
| Solow, Heather R. | L - 2004 | $530.00 | 238.30 | $125,928.00 |
| Toorock, Gretchen L. | L - 2001 | $490.00 | 4.40 | $2,156.00 |
| Vron, Victoria | BFR - 2005 | $490.00 | 522.80 | $256,172.00 |
| O'Grady, Timothy P. | T - 2006 | $465.00 | 42.00 | $19,530.00 |
| Curro, Matthew L. | BFR - 2008 | $415.00 | 548.60 | $227,669.00 |
| Geiger, Caroline P. | C - 2007 | $415.00 | 63.80 | $26,477.00 |
| Gurdian, Julio C. | BFR - 2008 | $415.00 | 714.20 | $296,393.00 |
| Cook, Richard R. | L - 2008 | $355.00 | 271.40 | $96,347.00 |
| Roistacher, Layne | L - 2008 | $355.00 | 463.00 | $164,152.00 |
| Castellani, Anne K. | L - * | $355.00 | 315.40 | $111,967.00 |
| Chhean, Chhunny | L - * | $355.00 | 283.90 | $100,784.50 |
| Conroy, Melanie | L - * | $355.00 | 267.60 | $94,998.00 |
| Liou, Jessica | BFR - * | $355.00 | 70.20 | $24,921.00 |
| Cassey, Lee J. | BFR - 2008 | $355.00 | 18.80 | $6,674.00 |
| **Total Associates** | | | **4029.2** | **$1,662,956.50** |

| NAME OF PROFESSIONAL<br><br>**Paralegals, Clerks, Library Staff and Other Non-Legal Staff** | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $240.00 | 61.50 | $14,760.00 |
| Washington, Yvonne | L | $225.00 | 33.70 | $7,447.50 |
| Sam, Mili | IS | $225.00 | 8.60 | $1,935.00 |
| Stauble, Christopher | BFR | $210.00 | 397.50 | $83,475.00 |
| Haiken, Lauren C. | IS | $210.00 | 133.30 | $27,993.00 |
| Litvack, David | BFR | $205.00 | 10.70 | $2,193.50 |
| Larangeira, Scott | LSS | $205.00 | 16.10 | $3,300.50 |
| Robin, Artur | LSS | $205.00 | 17.90 | $3,669.50 |
| Nudelman, Peter | LSS | $205.00 | 5.00 | $1,025.00 |
| Hoilett, Leason | L | $205.00 | 4.50 | $922.50 |
| Fredrick, Frances | L | $195.00 | 6.50 | $1,267.50 |
| Eremitaggio, Phyllis | L | $190.00 | 3.70 | $703.00 |
| Chan, Herbert | L | $190.00 | 81.00 | $15,390.00 |
| Amponsah, Duke | BFR | $180.00 | 12.20 | $2,043.00 |
| Bell, Andrew | LSS | $180.00 | 52.10 | $9,378.00 |
| Wilmer, Andrea | BFR | $155.00 | 40.80 | $6,324.00 |
| Etienne, Donald | BFR | $155.00 | 47.70 | $6,370.50 |
| Rodriguez, Ilusion | BFR | $155.00 | 28.40 | $4,402.00 |
| Aliseo, Nicole K. | BFR | $155.00 | 14.60 | $2,263.00 |
| Van Kampen, Allison L. | L | $155.00 | 6.70 | $1,038.50 |
| Matiteyahu, Gillad | BFR | $155.00 | 380.10 | $58,714.00 |
| Pasion, Luis L. | MC | $140.00 | 2.50 | $175.00 |
| **Total Paraprofessionals** | | | **1365.1** | **$254,790.00** |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $792.29 | 1238.4 | $981,174.00 |
| Associates | $412.87 | 4029.2 | $1,662,956.50 |
| Paraprofessionals | $187.88 | 1,365.1 | $254,790.00 |
| **Total Fees Incurred** | | **6,632.7** | **$2,898,920.50** |
| **Blended Attorney Rate** | **$502.07** | | |
| | | | |
| **Total Fees Requested** | | **6,632.7** | **$2,898,920.50** |

**EXHIBIT C**

**EXPENSE SUMMARY BY WEIL, GOTSHAL & MANGES LLP FOR THE <u>FIRST INTERIM PERIOD OF JULY 9, 2008 THROUGH OCTOBER 31, 2008</u>**

| EXPENSES | AMOUNTS |
|---|---|
| Court Filing Fees | $66,651.00 |
| Document Processing | $233.60 |
| Transportation | $6,258.12 |
| Meals | $16,678.48 |
| Postage | $1,401.36 |
| Telecommunications | $317.90 |
| Duplicating | $30,967.18 |
| Messenger | $1,469.75 |
| Computerized Research | $30,529.73 |
| Outside Document Service Bureau | $268.02 |
| Discovery Services | $115,152.87 |
| Corporation Service | $1,200.00 |
| Court Reporting | $8,397.70 |
| **Total Expenses Requested:** | **$279,525.71** |

# EXHIBIT D

## COMPENSATION BY WORK TASK CODE FOR SERVICES
## RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR
## THE FIRST INTERIM PERIOD JULY 9, 2008 THROUGH OCTOBER 31, 2008

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| LP0001 | Case Administration | 360.20 | $96,119.00 |
| LP0002 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 60.30 | $40,705.50 |
| LP0003 | Secured Creditors Issues/Meetings/Communications | 5.40 | $3,239.00 |
| LP0004 | General Case Strategy | 196.80 | $128,401.50 |
| LP0005 | Hearing and Court Matters | 598.40 | $209,742.00 |
| LP0006 | WG&M Retention/Billing/Fee Applications | 140.70 | $33,865.50 |
| LP0007 | Retention/Fee Applications: Ordinary Course Professionals | 8.60 | $2,603.00 |
| LP0008 | Retention/Fee Applications: Other Professionals | 35.40 | $16,504.50 |
| LP0009 | Schedules/Statement of Financial Affairs | 207.10 | $79,900.00 |
| LP0010 | US Trustee Related Issues | 11.20 | $6,586.50 |
| LP0011 | General Business Operations | 37.20 | $22,919.00 |
| LP0012 | Corporate Governance | 6.30 | $4,635.00 |
| LP0013 | DIP Financing | 33.80 | $18,600.50 |
| LP0015 | Insurance Issues | 36.60 | $11,712.50 |
| LP0016 | Employee/ERISA/Benefits Issues | 1.00 | $730.50 |
| LP0017 | Asset Disposition/363 Issues | 1360.90 | $842,927.50 |
| LP0018 | Executory Contracts/365 Issues | 234.50 | $98,525.00 |
| LP0019 | Real Property/365 Issues | 383.60 | $172,840.00 |
| LP0022 | Bar Date Motion and Claims Reconciliation Issues | 43.50 | $18,549.50 |
| LP0023 | Automatic Stay | 102.50 | $42,248.50 |
| LP0026 | Exclusivity | 18.10 | $8,553.00 |
| LP0027 | Plan of Reorganization/Plan Confirmation | 0.10 | $72.50 |
| LP0029 | Tax Issues | 53.30 | $32,934.50 |
| LP0031 | Customer/Vendor Issues | 230.40 | $112,901.50 |
| LP0032 | Utility Issues | 201.00 | $82,537.00 |
| LP0035 | Non-Bankruptcy Litigation | 28.60 | $15,988.50 |
| LP0036 | Non-Working Travel | 27.50 | $3,447.50 |
| LP0037 | Intellectual Property | 79.50 | $33,249.50 |
| LP0038 | Discovery/Document Review and Production | 2130.20 | $757,882.00 |
| **Total Fees Requested:** | | **6632.7** | **$2,898,920.50** |