UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                    :

In re                         :         **Chapter 11 Case No.**
                                    :

**STONE BARN MANHATTAN LLC**   :
**(f/k/a Steve & Barry's Manhattan LLC), et al.,**   :        **08-12579 (ALG)**
                                    :

            **Debtors.**           :        **(Jointly Administered)**
                                    :
-------------------------------------------------------------x

### [PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING ON A FINAL BASIS THE (A) DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 AND 1126 OF THE BANKRUPTCY CODE, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORM OF BALLOT, AND (II) CONFIRMING THE JOINT PLAN OF LIQUIDATION

Stone Barn Manhattan LLC (formerly known as Steve & Barry's Manhattan

LLC) and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"),

and the official committee of unsecured creditors (the "Creditors' Committee," and together with

the Debtors, the "Plan Proponents") having jointly proposed and filed (A) their joint plan of

liquidation dated as of March 17, 2010 (as modified, the "Plan")[1] with the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), a copy of

which is annexed hereto as Exhibit A, and that certain supplement to the Plan, dated and filed

with the Court on April 22, 2010 [Docket No. 1946] (the "Plan Supplement") and (B) the

disclosure statement relating to the Plan, dated March 17, 2010 (the "Disclosure Statement")[2];

and the Court having entered an *Order (I) Preliminarily Approving the Disclosure Statement and*

---

[1] *Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, dated March 17, 2010 [Docket No. 1911], as modified May 18, 2010 [Docket No. 1976].

[2] *Disclosure Statement for Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, dated March 17, 2010 [Docket No. 1912].

*Solicitation Procedures; (II) Scheduling a Combined Hearing to Consider (A) Final Approval of the Disclosure Statement and Solicitation Procedures, and (B) Confirmation of the Joint Plan of Liquidation; and (III) Establishing Notice and Objection Procedures to Disclosure Statement Approval and Plan Confirmation* [Docket No. 1913] (the "Scheduling Order"), and due notice of the Combined Hearing having been given to holders of Claims[3] against the Debtors and other parties in interest in compliance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Scheduling Order, and the Solicitation Procedures, as established by the *Affidavit of Solicitation Mailing of Christina F. Pullo on behalf of Epiq Bankruptcy Solutions, LLC*, sworn to on March 31, 2010 [Docket No. 1920] (the "Solicitation Affidavit"), and such notice being sufficient under the circumstances and no further notice being required; and any objections to the approval of the confirmation of the Plan having been resolved or overruled; and based upon and after full consideration of the entire record of the Combined Hearing, including the Disclosure Statement, the Plan, the Plan Supplement, the *Declaration of Christina F. Pullo on Behalf of Epiq Bankruptcy Solutions, LLC Regarding Voting on, and Tabulation of, Ballots Accepting and Rejecting Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, sworn to on May 12, 2010 [Docket No. 1975] ("Vote Certification"), and the *Memorandum of Law in Support of the Plan Proponents' Request for (I) Approval of the Disclosure Statement and Solicitation Procedures and (II) Confirmation of the Joint Plan of Liquidation* [Docket No. 1978] (the "Memorandum"); and upon the arguments of counsel and the evidence proffered and adduced at the Combined Hearing, the Court having found and determined that the Disclosure Statement

---

[3] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Plan.

should be approved on a final basis and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Combined Hearing; and after due deliberation and sufficient cause appearing therefore; the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. The Court has jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtors and the Creditors' Committee are proper plan proponents under section 1121(a) and (c) of the Bankruptcy Code.

C.      <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

D.     Burden of Proof.  The Plan Proponents have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  The Plan Proponents have met such burden.

E.     Adequacy of Disclosure Statement.  The Disclosure Statement contains "adequate information," as such term is defined in section 1125(a)(1) of the Bankruptcy Code, with respect to the Debtors, the Plan, and the transactions contemplated therein, and is approved in all respects.

F.     Voting.  As evidenced by the Vote Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

G.     Solicitation.  The Plan, the Disclosure Statement, the appropriate ballots for voting on the Plan, in the form attached as Exhibit 1 to the Scheduling Order (the "Ballots"), and the notice of the Combined Hearing were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and with the procedures (the "Solicitation Procedures") set forth in the Scheduling Order.  The form of the Ballot adequately addressed the particular needs of these Chapter 11 Cases and was appropriate for holders of Class 3 (Allowed General Unsecured Claims) – the only class of claims entitled to vote to accept or reject the Plan.  The period during which the Debtors solicited acceptances to the Plan was a reasonable period of time for holders to make an informed decision to accept or reject the Plan.  The Debtors were not required to solicit votes from the holders of claims in Class 1 (Allowed Other Priority Claims) and Class 2 (Allowed Secured Claims) and the holders

of equity interests in Class 5 (Equity Interests in Other Debtors) as each such class is unimpaired under the Plan. The Debtors also were not required to solicit votes from the holders of Class 4 (Equity Interests in Stone Barn Industries Inc.), as Class 4 is not expected to receive any recovery under the Plan and, therefore, is deemed to reject the Plan. The transmittal and service of the Plan, the Disclosure Statement, the Ballots, and the notice of the Combined Hearing (all of the foregoing, the "Solicitation") complied with the Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws and regulations. The Debtors, the Creditors' Committee, and their respective successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, accountants, and other professionals retained by such persons, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

    H. Notice. As is evidenced by the Vote Certification and the Solicitation Affidavit, the transmittal and service of the Plan, the Disclosure Statement, and the Ballots were timely, adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Scheduling Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

I.     Plan Supplement.  On April 22, 2010, the Debtors timely filed the Plan Supplement, which includes a copy of the Plan Administrator engagement letter.  Notice of the Plan Supplement was given to holders of Claims against the Debtors and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures, as established by the *Affidavit of Service of Panagiota Manatakis regarding the Plan Supplement for Debtors' Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 1950].

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

J.     Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtors and the Creditors' Committee as proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(a)     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to Administrative Claims, Professional Fee Claims, and Priority Tax Claims, which need not be classified, Article III of the Plan classifies five (5) Classes of Claims against and Equity Interests in the Debtors.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests.  The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b)     Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Articles III and IV of the Plan specify that Classes 1, 2, and 5 are unimpaired under the Plan within the meaning

of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(c)     <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Articles IV and V of the Plan designate Classes 3 and 4 as impaired within the meaning of section 1124 of the Bankruptcy Code and specify the treatment of the Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(d)     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(e)     <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan and the various documents and agreements set forth in the Plan Supplement provide adequate and proper means for the implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code, including (i) substantive consolidation of the Debtors into a single entity, Stone Barn Industries Inc. ("<u>Stone Barn</u>"), (ii) the selection of the Plan Administrator, and (iii) the distributions to holders of Claims against and Equity Interests in the Debtors.

(f)     <u>Non-Voting Equity Securities / Allocation of Voting Power (11 U.S.C. § 1123(a)(6))</u>.  As the Debtors are liquidating and will not be issuing equity securities, section 1123(a)(6) is not applicable.

(g)     <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  The Plan and related documents provide for the substantive consolidation of the Debtors into one Post-Effective Date Debtor, Stone Barn, and the wind-down of the Post-Effective Date Debtor's estate by a Plan Administrator.  Dorene Robotti, a representative of the Plan Administrator, will serve

as the sole officer and director of the Post-Effective Date Debtor. The Plan Proponents have selected Clear Thinking Group LLC ("CTG") as the Plan Administrator. The selection of CTG is in the best interests of the all creditors.

(h)     Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1)). Pursuant to Articles IV and V of the Plan, Classes 1, 2, and 5 are unimpaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code, and Classes 3 and 4 are impaired.

(i)     Assumption and Rejection (11 U.S.C. § 1123(b)(2)). Section 9.1 of the Plan addresses the assumption and rejection of executory contracts and unexpired leases, and meets the requirements of section 365(b) of the Bankruptcy Code.

(j)     Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The additional provisions of the Plan, including, without limitation, (i) substantive consolidation of the Debtors, (ii) retention of Court jurisdiction, and (iii) releases and injunctions, are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

K.     The Plan Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code. Specifically:

(a)     Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code; and

(b)     The Plan Proponents have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court, and in transmitting the Plan, the Plan Supplement, the Disclosure Statement, the Ballots, and

related documents and notices and in soliciting and tabulating the votes on the Plan, the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, including section 1125 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Scheduling Order, and all other applicable law.

L.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Plan Proponents' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Combined Hearing and other proceedings held in these Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates. The Plan (including all documents necessary to effectuate the Plan) were negotiated at arm's-length among representatives of the Debtors, the Creditors' Committee, and their respective professionals. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's-length, are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and were each necessary for the Plan Proponents to successfully reach agreement with the other parties in interest with regards to the Plan.

M.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors for services or for costs and expenses of the Debtors' professionals in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

N.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Plan and related documents provide for the substantive consolidation of the Debtors into one Post-Effective Date Debtor and the wind-down of the Post-Effective Date Debtor's estate by a Plan Administrator.  Dorene Robotti, a representative of the Plan Administrator, CTG, will serve as the sole officer and director of the Post-Effective Date Debtor.  No objections have been received with regards to the Plan Administrator.

O.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Chapter 11 Cases as the Debtors have no ongoing business subject to any regulatory approval.

P.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis provided in the Disclosure Statement and other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each holder of an impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

Q.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Classes 1 and 2 are classes of unimpaired Claims that are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.  Class 3 has voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code, without regard to the votes of  insiders of the Debtors.

R.     Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Allowed Administrative Claims pursuant to Section 2.1 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code.  The treatment of Allowed Other Priority Claims pursuant to Section 5.1 of the Plan satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy Code.  The treatment of Priority Tax Claims pursuant to Section 2.2 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.  On the later of (i) the Effective Date and (ii) the fifteenth (15th) Business Day of the first month following the month in which an Administrative Claim, Priority Tax Claim or Other Priority Claim becomes an allowed claim, all such allowed claims shall be paid in full in cash; provided, however, that Allowed Administrative Claims representing obligations incurred in the ordinary course of business of the Debtors shall be paid in accordance with the terms and conditions of the particular transactions and any applicable agreements.

S.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).  Class 3 voted to accept the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

T.     Feasibility (11 U.S.C. § 1129(a)(11)).  The information in the Disclosure Statement and the evidence proffered or adduced at the Combined Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Post Effective Date Debtor being able to meet its financial obligations under the Plan and, because the Debtors are liquidating, confirmation of the Plan is not likely to be followed by the need for further financial reorganization, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

U.     Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees currently payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on or before the Effective Date pursuant to Section 2.1.2 of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

V.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors are liquidating and have no existing retiree benefit plans, funds, or programs.  Accordingly, section 1129(a)(13) of the Bankruptcy Code does not apply.

W.     No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable.

X.     Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable.

Y.     No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).  The Debtors are each a moneyed, business, or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

Z.    No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).

Class 4 (Equity Interests in Stone Barn) is deemed to have rejected the Plan.  Based upon the

evidence proffered, adduced, and presented by the Debtors at the Combined Hearing, the Plan

does not discriminate unfairly against and is fair and equitable with respect to Class 4, as

required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  The Plan does not

discriminate unfairly against Class 4 because a valid reason exists for the separate classification

of Equity Interests in Class 4 and Class 5.  The Plan is fair and equitable with respect to Class 4

because there are no Classes junior to Class 4 under the Plan, let alone a junior Class that will

receive or retain any property under the Plan on account of such junior interest.  Thus, the Plan

may be confirmed notwithstanding the deemed rejection of the Plan by Class 4.

AA.    Only One Plan (11 U.S.C. § 1129(c)).  The Plan is the only plan filed in

each of these cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

BB.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal

purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5

of the Securities Act of 1933.  The Plan, therefore, satisfies the requirements of section 1129(d)

of the Bankruptcy Code.

CC.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before

the Court in these Chapter 11 Cases, including evidence presented at the Combined Hearing, the

Debtors, the Creditors' Committee, and their respective successors, predecessors, control

persons, members, officers, directors, employees and agents and their respective attorneys,

financial advisors, accountants, and other professionals retained by such persons have acted in

"good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with

the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and any

applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Section 11.1 of the Plan.

DD.     <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

EE.     <u>Implementation</u>.  All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's-length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

FF.     <u>Substantive Consolidation</u>.  Based upon the record of these Chapter 11 Cases, the Memorandum, and the record of the Combined Hearing and other proceedings held in these Chapter 11 Cases, the substantive consolidation of the Debtors' estates is necessary and appropriate and the Debtors have demonstrated that their creditors dealt with them as a single economic unit and did not rely on their separate identities in extending credit, and that the affairs of the Debtors are so entangled that consolidation will benefit all creditors.

GG.     <u>Injunctions, Exculpations, and Releases</u>.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunctions, exculpations, and releases set forth in Article 11 of the Plan.  Section 105(a) of the Bankruptcy

Code permits issuance of injunctions and approval of the unopposed releases, if, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Combined Hearing, such provisions (i) were integral to the agreement among the various parties in interest, and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) are fair, equitable and reasonable, and (iii) are in the best interests of the Debtors, their estates, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpations, and injunctions set forth in the Plan and implemented by this Order are fair, equitable, reasonable, and in the best interests of the Debtors, the Post Effective Date Debtor and their estates, creditors and equity holders. The record of the Combined Hearing and the Chapter 11 Cases is sufficient to support the releases, exculpations, and injunctions provided for in Article 11 of the Plan.

HH.     Except as otherwise provided in the Plan and this Order, the Plan represents a settlement between and among the Debtors and their creditors and equity holders of all Claims and litigation against the Debtors, pending or threatened, or that was or could have been commenced against the Debtors prior to the date of entry of this Order (other than the Post Effective Date Debtor's ability to prosecute objections to Claims and other retained causes of action to the extent preserved under the Plan), including pursuant to Section 8.12 of the Plan.

II.     <u>Retention of Jurisdiction</u>.  The Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases, including the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

JJ.    Plan Modifications.  Any modifications made to the Plan following the

solicitation of votes thereon satisfied the requirements of section 1127 of the Bankruptcy Code

and Bankruptcy Rule 3019.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND

DETERMINED THAT:

1.    The Disclosure Statement.  The Disclosure Statement (i) contains

"adequate information" (as such term is defined in section 1125(a)(1)) with respect to the

Debtors, the Plan, and the transactions contemplated therein, and (ii) is approved in all respects.

2.    Confirmation of the Plan.  The Plan and each of its provisions shall be,

and hereby are, CONFIRMED under section 1129 of the Bankruptcy Code.  The documents

contained in the Plan Supplement are authorized and approved.

3.    Objections.  All Objections, responses, statements and comments, if any,

in opposition to the Plan and/or the Disclosure Statement, other than those resolved or withdrawn

with prejudice in their entirety prior to, or on the record at, the Combined Hearing, shall be, and

hereby are, overruled in their entirety for the reasons stated on the record.

4.    No Action.  Pursuant to the appropriate provisions of the General

Corporation Law of the State of Delaware and section 1142(b) of the Bankruptcy Code, no

action of the respective directors or stockholders of the Debtors shall be required to authorize the

Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as

the case may be, the Plan and any contract, instrument, or other document to be executed,

delivered, adopted or amended in connection with the implementation of the Plan.

5. <u>Binding Effect</u>.  Except as other provided in section 1141(d)(3) of the Bankruptcy Code, on or after entry of this Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind all present and former holders of Claims and Interests in the Debtors and their respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

6. <u>Free and Clear</u>.  As of the Effective Date, all property of the Estates shall be held free and clear of all liens, claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan.  As of the Effective Date, the Post Effective Date Debtor may use, acquire or dispose of assets free of any restrictions imposed by the Bankruptcy Code, the Bankruptcy Court, or the United States Trustee (except for quarterly operating reports and fees associated therewith).

7. <u>Implementation of the Plan</u>.  The Post Effective Date Debtor shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan, including all such actions delineated in Section 8.7.2 of the Plan.  The Plan Administrator is authorized and empowered to issue, execute, file and deliver or record such documents, contracts, instruments, releases and other agreements contemplated by the Plan, in the name of and on behalf of the Post Effective Date Debtor.

8. <u>Cancellation of Existing Securities and Agreements</u>.  On the Effective Date, unless otherwise provided in this Order or the Plan, any and all notes, securities and other instruments evidencing any Claim or Equity Interest shall be deemed canceled without further act or action under any applicable agreement, law, regulation, order or rule.

9. <u>Substantive Consolidation</u>. Entry of this Order shall constitute the approval, pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, of the substantive consolidation of the Chapter 11 Cases. On and after the Effective Date, (i) all assets and liabilities of the Debtors shall be merged so that all of the assets of the Debtors shall be available to pay all of the liabilities under the Plan, (ii) no Distributions shall be made under the Plan on account of intercompany claims among the Debtors, (iii) all guarantees of the Debtors of the obligations of any other Debtor shall be eliminated so that any claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint or several liability of the Debtors shall be one obligation of Stone Barn, and (iv) each and every Claim filed or to be filed in the Case of any of the Debtors other than Stone Barn shall be deemed filed against Stone Barn.

10. <u>Compromise of Controversies</u>. In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan, and the entry of this Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019, subject to Article 11 of the Plan.

11. <u>Assumption or Rejection of Contracts and Leases</u>. Pursuant to Section 9.1 of the Plan, all executory contracts and unexpired leases of the Debtors not expressly assumed, rejected or terminated in the Plan, or by order of the Court entered prior to the Confirmation Date, or which are not subject of a pending application to assume or reject on the Confirmation Date, shall be deemed rejected as of the Confirmation Date.

12. <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Section 8.4 of the Plan have been satisfied or waived pursuant to Section 8.5 of the Plan.

13. <u>Professional Compensation</u>.  Except as provided in Section 2.1.3 of the Plan, all entities seeking awards by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under sections 330, 331, 503(b)(2) of the Bankruptcy Code shall (i) file their respective final applications for allowances of compensation for services rendered and reimbursement of expenses incurred through the Confirmation Date ("<u>Final Fee Applications</u>") by no later than the date that is sixty (60) days after the Effective Date (the "<u>Fee Application Filing Deadline</u>") and (ii) if granted such an award by the Court, be paid in Cash in such amounts as are Allowed by the Court (A) on the date such Professional Fee Claim becomes an Allowed Professional Fee Claim, or as soon thereafter as is practicable or (B) upon such other terms as may be mutually agreed upon between such holder of a Professional Fee Claim and the Post-Effective Date Debtor.  From and after the Confirmation Date, the Debtors and the Post-Effective Date Debtor, as applicable, are authorized to pay compensation for services rendered or reimbursement of expenses incurred after the Confirmation Date in the ordinary course of business and without the need for Bankruptcy Court approval.

14. <u>Final Fee Hearing and Objections to Final Fee Applications</u>.  After the Fee Application Filing Deadline, the Debtors shall file a notice (the "<u>Fee Hearing Notice</u>") of the final fee hearing (the "<u>Final Fee Hearing</u>"), which hearing shall be scheduled for no earlier than fifteen (15) days after the Fee Application Filing Deadline.  All objections to any Final Fee Applications shall be filed with the Court, together with proof of service thereof, and served

upon the applicant and other required parties as indicated in the notice, so as to be received not later than 4:00 p.m. prevailing Eastern Time on the date that is three (3) days prior to the Final Fee Hearing.

15.     Administrative Expenses.  Administrative expenses incurred by the Debtors or the Post Effective Date Debtor after the Effective Date, including Claims for professionals' fees and expenses, shall not be subject to application and may be paid by the Debtors or the Post Effective Date Debtors, as the case may be, in the ordinary course of business and without further Bankruptcy Court approval.

16.     Release and Exculpation Provisions.  All release and exculpation provisions embodied in the Plan, including but not limited to those contained in Article 11 of the Plan, are (i) integral parts of the Plan, (ii) fair, equitable and reasonable, and (iii) are in the best interest of the Debtors and all parties in interest, and such provisions are approved, and shall be effective and binding on all persons and entities, to the extent provided herein.

17.     Injunctions or Stays.  Pursuant to Section 11.2 of the Plan, and subject to Section 11.3 of the Plan, the Plan is the sole means for resolving, paying or otherwise dealing with Claims and Interests.  Except as expressly provided in the Plan, at all times on and after the Effective Date, through and including the date of entry of a Final Decree closing the Chapter 11 Cases, all Persons who have been, are, or may be holders of Claims against or Interests in the Debtors arising prior to the Effective Date, shall be enjoined from taking any of the following actions against or affecting the Plan Administrator, the Debtors, the Post-Effective Date Debtor, their estates, or their property, with respect to such Claims or Interests (other than actions brought to enforce any rights or obligations under the Plan) including: (a) commencing or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind

against the Debtors, their Estates, or their property (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date); (b) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtors, their Estates, or their property; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien against the Debtors, their Estates, or their property; (d) asserting any right of subrogation, or recoupment of any kind, directly or indirectly against any obligation due the Debtors, their Estates, or their property; and (e) proceeding in any manner in any place whatsoever against the Debtors, their Estates, or their property that does not conform to or comply with the provisions of the Plan. Pursuant to Section 14.9 of the Plan, unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or section 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Post-Effective Date Debtor's chapter 11 case.

18.     Payment of Statutory Fees.  Quarterly fees owed to the Office of the U.S. Trustee shall be paid when due in accordance with applicable law and the Post-Effective Date Debtor shall continue to file quarterly reports to show the calculation of such fees for the Post-Effective Date Debtor's Estate until its Chapter 11 Case is closed under section 350 of the Bankruptcy Code.

19.     Compliance with Tax Requirements.  In connection with the consummation of the Plan, the Debtors, the Post-Effective Date Debtor and the Plan Administrator shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all Distributions hereunder shall be subject to

any such withholding and reporting requirements.  Notwithstanding the above, each holder of an

Allowed Claim that is to receive a Distribution under the Plan shall have the sole and exclusive

responsibility for the satisfaction and payment of any tax obligations imposed on such holder by

any governmental unit, including income, withholding and other tax obligations, on account of

such Distribution.  Any party issuing any instrument or making any Distribution under the Plan

has the right, but not the obligation, to not make a Distribution until such holder has made

arrangements satisfactory to such issuing or disbursing party for payment of any such tax

obligations.

      20.    <u>Documents, Mortgages, and Instruments</u>.  Each federal, state,

commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any

and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement

or consummate the transactions contemplated by the Plan and this Order.

      21.    <u>Reversal/Stay/Modification/Vacatur of Order</u>.  Except as otherwise

provided in this Order, if any or all of the provisions of this Order are hereafter reversed,

modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal,

stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation,

indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or the Post

Effective Date Debtor, as applicable, prior to the effective date of such reversal, stay,

modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of

this Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this

Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed

in all respects by the provisions of this Order and the Plan or any amendments or modifications

thereto.

22.     Retention of Jurisdiction.  Notwithstanding the entry of this Order or the occurrence of the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases to the fullest extent as is legally permissible, including, but not limited to, jurisdiction over the matters set forth in Article XII of the Plan.

23.     Amendments or Modifications.  A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.  Prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims and Equity Interests.

24.     Provisions of Plan and Order Nonseverable and Mutually Dependent.  The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

25.     Governing Law.  Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without giving effect to the principles of conflict of laws.

26.     Applicable Nonbankruptcy Law.  Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

27.     <u>Waiver of Filings</u>.  Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors to file any list, schedule, or statement with the Court or the Office of the U.S. Trustee (except for quarterly operating reports or any other post-confirmation reporting obligation to the U.S. Trustee), is hereby waived as to any such list, schedule, or statement not filed as of the Confirmation Date.

28.     <u>Governmental Approvals Not Required</u>.  This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

29.     <u>Notice of Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve notice of the entry of this Order, substantially in the form annexed hereto as <u>Exhibit B</u>, to all parties who hold a Claim or Equity Interest in these cases, the Creditors' Committee, and the U.S. Trustee.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Order.

30.     <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

31.     <u>Waiver of Stay</u>.  The stay of this Order provided by any Bankruptcy Rule (including Bankruptcy Rule 3020(e)), whether for fourteen (14) days or otherwise, is hereby waived, and this Order shall be effective and enforceable immediately upon its entry by the Court.

32.     <u>Inconsistency</u>.  To the extent of any inconsistency between this Order and the Plan, this Order shall govern.

33.     <u>No Waiver</u>.  The failure to specifically include any particular provision of the Plan in this Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by reference.

Dated: May ___, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**The Plan**

**<u>Exhibit B</u>**

**Notice of Entry of the Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re                                            :        **Chapter 11 Case No.**
:
**STONE BARN MANHATTAN LLC**                      :
**(f/k/a Steve & Barry's Manhattan LLC), et al.,** :        **08-12579 (ALG)**
:
**Debtors.**                                     :        **(Jointly Administered)**
:
-------------------------------------------------------------x

**NOTICE OF (I) ENTRY OF ORDER (A) APPROVING THE
(i) DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 AND 1126
OF THE BANKRUPTCY CODE, (ii) SOLICITATION OF VOTES AND VOTING
PROCEDURES, AND (iii) FORM OF BALLOT AND (B) CONFIRMING THE JOINT
PLAN OF LIQUIDATION, AND (II) OCCURRENCE OF EFFECTIVE DATE**

**TO CREDITORS, EQUITY INTEREST HOLDERS, AND OTHER PARTIES IN
INTEREST:**

PLEASE TAKE NOTICE that an order (the "Order") of the Honorable Allan L.
Gropper, United States Bankruptcy Judge, approving the disclosure statement, solicitation of
votes and voting procedures, and forms of ballots, and confirming the Joint Plan of Liquidation
Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors[1] and the

---

[1] The Debtors in these cases are: Stone Barn Manhattan LLC f/k/a Steve & Barry's Manhattan LLC (08-12579
(ALG)); 4004 Incorporated (08-12580 (ALG)); 4004 LLC (08-12581 (ALG)); Baller Brands LLC (08-12582
(ALG)); Favored Brands LLC (08–12583 (ALG)); Pro Air LLC (08–12584 (ALG)); Stone Barn Industries Inc. f/k/a
S&B Industries Inc. (08-12585 (ALG)); Stone Barn Retail China LLC f/k/a S&B Retail China LLC (08-12586
(ALG)); Stone Barn Retail India LLC f/k/a S&B Retail India LLC (08-12587 (ALG)); Star Band LLC (08–12589
(ALG)); Steel Bolt Construction LLC (08–12590 (ALG)); Stellar Brands LLC (08–12591 (ALG)); Stone Barn
Alabama LLC f/k/a Steve & Barry's Alabama LLC (08-12592 (ALG)); Stone Barn Arizona LLC f/k/a Steve &
Barry's Arizona LLC (08-12593 (ALG)); Stone Barn Arkansas LLC f/k/a Steve & Barry's Arkansas LLC (08-12594
(ALG)); Stone Barn California LLC f/k/a Steve & Barry's California LLC (08-12595 (ALG)); Stone Barn Colorado
LLC f/k/a Steve & Barry's Colorado LLC (08-12596 (ALG)); Stone Barn Connecticut LLC f/k/a Steve & Barry's
Connecticut LLC (08-12599 (ALG)); Stone Barn CP LLC f/k/a Steve & Barry's CP LLC (08-12600 (ALG)); Stone
Barn Florida LLC f/k/a Steve & Barry's Florida LLC (08-12601 (ALG)); Stone Barn Georgia LLC f/k/a Steve &
Barry's Georgia LLC (08-12602 (ALG)); Stone Barn GLC LLC f/k/a Steve & Barry's GLC LLC (08-12603
(ALG)); Stone Barn Hawaii LLC f/k/a Steve & Barry's Hawaii LLC (08-12604 (ALG)); Stone Barn Idaho LLC
f/k/a Steve & Barry's Idaho LLC (08-12605 (ALG)); Stone Barn Illinois LLC f/k/a Steve & Barry's Illinois LLC
(08-12607 (ALG)); Stone Barn Indiana LLC f/k/a Steve & Barry's Indiana LLC (08-12609 (ALG)); Stone Barn
International LLC f/k/a Steve & Barry's International LLC (08-12610 (ALG)); Stone Barn Iowa LLC f/k/a Steve &
Barry's Iowa LLC (08-12611 (ALG)); Stone Barn Kansas LLC f/k/a Steve & Barry's Kansas LLC (08-12612
(ALG)); Stone Barn Kentucky LLC f/k/a Steve & Barry's Kentucky LLC (08-12613 (ALG)); Steel Bolt LLC f/k/a
Steve & Barry's LLC (08-12615 (ALG)); Stone Barn Louisiana LLC f/k/a Steve & Barry's Louisiana LLC (08-
12616 (ALG)); Stone Barn Maine LLC f/k/a Steve & Barry's Maine LLC (08-12617 (ALG)); Stone Barn Maryland
LLC f/k/a Steve & Barry's Maryland LLC (08-12618 (ALG)); Swift Building Massachusetts LLC f/k/a Steve &
Barry's Massachusetts LLC (08-12619 (ALG)); Stone Barn Michigan LLC f/k/a Steve & Barry's Michigan LLC

Official Committee of Unsecured Creditors, dated as of March 17, 2010 (as modified, the "Plan"), was entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on May __, 2010. Unless otherwise defined in this notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan and the Order.

PLEASE TAKE FURTHER NOTICE that the Order, the confirmed Plan and the approved Disclosure Statement are available for inspection during regular business hours in the office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004. The Order, the confirmed Plan and the approved Disclosure Statement are also available on the website of the Debtors' noticing agent, Epiq Bankruptcy Solutions, LLC, at http://www.chapter11.epiqsystems.com/steveandbarrys or by accessing the Bankruptcy Court's website www.nysb.uscourts.gov. Please note that a PACER password and login are required to access documents on the Bankruptcy Court's website.

PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan occurred on June __, 2010.

**PLEASE TAKE FURTHER NOTICE that except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Effective Date, the provisions of the Plan shall bind all present and former holders of Claims and Interests in the Debtors and their respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.**

**PLEASE TAKE FURTHER NOTICE that the Plan contains an injunction which prevents, among other things, all Persons who have been, are, or may be holders of Claims against or Interests in the Debtors arising prior to the Effective Date from (a) commencing or continuing, in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtors, their Estates, or their property;**

---

(08-12620 (ALG)); Stone Barn Midwest LLC f/k/a Steve & Barry's Midwest LLC (08-12621 (ALG)); Stone Barn Minnesota LLC f/k/a Steve & Barry's Minnesota LLC (08-12622 (ALG)); Stone Barn Mississippi LLC f/k/a Steve & Barry's Mississippi LLC (08-12623 (ALG)); Stone Barn Missouri LLC f/k/a Steve & Barry's Missouri LLC (08-12624 (ALG)); Stone Barn Nebraska LLC f/k/a Steve & Barry's Nebraska LLC (08-12625 (ALG)); Stone Barn Nevada LLC f/k/a Steve & Barry's Nevada LLC (08-12626 (ALG)); Stone Barn New Jersey LLC f/k/a Steve & Barry's New Jersey LLC (08- 12627 (ALG)); Stone Barn New Mexico LLC f/k/a Steve & Barry's New Mexico LLC (08-12628 (ALG)); Stone Barn New York LLC f/k/a Steve & Barry's New York LLC (08-12629 (ALG)); Stone Barn North Carolina LLC f/k/a Steve & Barry's North Carolina LLC (08-12630 (ALG)); Stone Barn Oakland LLC f/k/a Steve & Barry's Oakland LLC (08-12631 (ALG)); Stone Barn Ohio LLC f/k/a Steve & Barry's Ohio LLC (08-12632 (ALG)); Stone Barn Oklahoma LLC f/k/a Steve & Barry's Oklahoma LLC (08-12633 (ALG)); Stone Barn Pennsylvania LLC f/k/a Steve & Barry's Pennsylvania LLC (08-12634 (ALG)); Stone Barn South Carolina LLC f/k/a Steve & Barry's South Carolina LLC (08-12635 (ALG)); Stone Barn South Michigan LLC f/k/a Steve & Barry's South Michigan LLC (08-12637 (ALG)); Stone Barn Tennessee LLC f/k/a Steve & Barry's Tennessee LLC (08-12638 (ALG)); Stone Barn Texas LLC f/k/a Steve & Barry's Texas LLC (08-12639 (ALG)); Stone Barn Utah LLC f/k/a Steve & Barry's Utah LLC (08-12640 (ALG)); Stone Barn Virginia LLC f/k/a Steve & Barry's Virginia LLC (08-12641 (ALG)); Stone Barn Washington LLC f/k/a Steve & Barry's Washington LLC (08-12642 (ALG)); Stone Barn West Virginia LLC f/k/a Steve & Barry's West Virginia LLC (08-12643 (ALG)); Stone Barn Wisconsin LLC f/k/a Steve & Barry's Wisconsin LLC (08-12644 (ALG)); Stone Barn LLC (08–12645 (ALG)); Stone Barn Trading LLC (08–12646 (ALG)); Striking Brands LLC (08–12647 (ALG)); Swift Building LLC (08–12648 (ALG)); and Symbolic Brands LLC (08–12649 (ALG)).

**(b) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtors, their Estates, or their property; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien against the Debtors, their Estates, or their property; (d) asserting any right of subrogation, or recoupment of any kind, directly or indirectly against any obligation due the Debtors, their Estates, or their property; and (e) proceeding in any manner in any place whatsoever against the Debtors, their Estates, or their property that does not conform to or comply with the provisions of the Plan.**

Dated: June __, 2010
     New York, New York

BY ORDER OF THE COURT