COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000
Cathy Hershcopf
Brent Weisenberg

Counsel for the Official Committee
 of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In re:

STONE BARN MANHATTAN LLC f/k/a Steve &
Barry's Manhattan LLC, et al.,

                    Debtors.

-------------------------------------------------------------- X

Chapter 11

Case No. 08-12579 (ALG)

(Jointly Administered)

**FOURTH INTERIM AND FINAL APPLICATION OF COOLEY LLP F/K/A COOLEY
GODWARD KRONISH LLP, COUNSEL FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE (I) INTERIM PERIOD SEPTEMBER 1, 2009 THROUGH MAY
20, 2010 AND (II) FINAL PERIOD JULY 21, 2008 THROUGH MAY 20, 2010**

| | |
|---|---|
| Name of Applicant: | Cooley LLP f/k/a Cooley Godward Kronish LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | August 26, 2008, *nunc pro tunc* to July 21, 2008 |
| Interim period for which compensation and reimbursement is sought: | September 1, 2009 through May 20, 2010 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $107,683.50 |
| 80% of Compensation sought as actual, reasonable and necessary: | N/A |

1

Amount of Expense Reimbursement sought
as actual, reasonable and necessary for
<u>interim</u> period:                                    $748.55

<u>Final</u> period for which compensation
and reimbursement is sought:                July 21, 2008 through May 20, 2010

Amount of Compensation sought
as actual, reasonable and necessary
for <u>final</u> period:                               $1,283,893.75

Amount of Expense Reimbursement sought
as actual, reasonable and necessary for
<u>final</u> period:                                   $19,944.84

This is Cooley LLP's fourth interim and final fee application in this case.

1635938 v1/ NY

## FEE STATEMENTS COVERED BY INTERIM COMPENSATION PERIOD

| Period Covered | Fees Requested | Fees Paid (80%) | Holdback (20%) | Expenses Requested | Expenses Paid (100%) |
|---|---|---|---|---|---|
| September 1, 2009 – September 30, 2009 | $9,187.50 | $7,350 | $1,837.50 | $227.48 | $227.48 |
| October 1, 2009 – October 31, 2009 | $10,267.50 | $8,214 | $2,053.50 | $38.75 | $38.75 |
| November 1, 2009 – November 30, 2009 | $16,303.00 | $13,042.40 | $3,260.60 | $178.61 | $178.61 |
| December 1, 2009 – December 31, 2009 | $11,990.00 | $9,592 | $2,398 | $50.99 | $50.99 |
| January 1, 2010 – January 31, 2010 | $6,440.00 | $5,152 | $1,288 | $78.48 | $78.48 |
| February 1, 2010 – February 28, 2010 | $13,643.50 | $10,914.80 | $2728.70 | $22.23 | $22.23 |
| March 1, 2010 – March 31, 2010 | $17,599.50 | $14,079.60 | $3519.9 | $4.30 | $4.30 |
| April 1, 2010 – April 30, 2010 | $8,567.50 | $6,854.00 | $1713.50 | $135.38 | $135.38 |
| May 1, 2010 – May 20, 2010 | $13,685.00 | $10,948.00 | $2,737.00 | $12.33 | $12.33 |
| **TOTAL** | **$107,683.50** | **$86,146.80** | **$21,536.70** | **$748.55** | **$748.55** |

1635938 v1/ NY

# FEE STATEMENTS COVERED BY FINAL COMPENSATION PERIOD

| Period Covered | Fees Requested | Fees Paid (80%) | Holdback (20%) | Expenses Requested | Expenses Paid (100%) |
|---|---|---|---|---|---|
| July 21, 2008 – August 31, 2008 | $466,000.25 | $372,800.20 | $93,200.05 | $642.37 | $642.37 |
| September 1, 2008 – September 31, 2008 | $111,101.50 | $88,881.20 | $22,220.30 | $4,023.17 | $4,023.17 |
| October 1, 2008 – October 31, 2008 | $98,557.50 | $78,846.00 | $19,711.50 | $3,470.75 | $3,470.75 |
| November 1, 2008 – November 30, 2008 | $103,602.50 | $82,882.00 | $20,720.50 | $798.73 | $798.73 |
| December 1, 2008 – December 31, 2008 | $119,360.50 | $95,488.40 | $23,872.10 | $1,619.32 | $1,619.32 |
| January 1, 2009 – January 31, 2009 | $46,691.00 | $37,352.80 | $9,338.20 | $1,088.13 | $1,088.13 |
| February 1, 2009 – February 28, 2009 | $38,081.00 | $30,464.80 | $7,616.20 | $166.72 | $166.72 |
| March 1, 2009 – March 31, 2009 | $41,172.00 | $32,937.60 | $8,234.40 | $4,291.12 | $4,291.12 |
| April 1, 2009 – April 30, 2009 | $93,094.00 | $74,475.20 | $18,618.80 | $885.85 | $885.85 |
| May 1, 2009 – May 30, 2009 | $22,833.00 | $18,266.40 | $4,566.60 | $1,750.61 | $1,750.61 |
| June 1, 2009 – June 30, 2009 | $12,901.50 | $10,321.20 | $2,580.30 | $290.70 | $290.70 |
| July 1, 2009 – July 31, 2009 | $16,763.00 | $13,410.40 | $3,352.60 | $132.04 | $132.04 |
| August 1, 2009 – August 31, 2009 | $6,052.50 | $4,842.00 | $1,210.50 | $36.78 | $36.78 |
| September 1, 2009 – September 30, 2009 | $9,187.50 | $7,350 | $1,837.50 | $227.48 | $227.48 |
| October 1, 2009 – October 31, 2009 | $10,267.50 | $8,214 | $2,053.50 | $38.75 | $38.75 |
| November 1, 2009 – November 30, 2009 | $16,303 | $13,042.40 | $3,260.60 | $178.61 | $178.61 |
| December 1, 2009 – December 31, 2009 | $11,990 | $9,592 | $2,398 | $50.99 | $50.99 |

1635938 v1/ NY

| Period Covered | Fees Requested | Fees Paid (80%) | Holdback (20%) | Expenses Requested | Expenses Paid (100%) |
|---|---|---|---|---|---|
| January 1, 2010 – January 31, 2010 | $6,440 | $5,152 | $1,288 | $78.48 | $78.48 |
| February 1, 2010 – February 28, 2010 | $13,643.50 | $10,914.80 | $2728.70 | $22.23 | $22.23 |
| March 1, 2010 – March 31, 2010 | $17,599.50 | $14,079.60 | $3519.9 | $4.30 | $4.30 |
| April 1, 2010 – April 30, 2010 | $8,567.50 | $6,854.00 | $1713.50 | $135.38 | $135.38 |
| May 1, 2010 – May 20, 2010 | $13,685.00 | $10,948.00 | $2,737.00 | $12.33 | $12.33 |
| **TOTAL** | **$1,283,893.75** | **$1,027,115.00** | **$256,778.75** | **$19,944.84** | **$19,944.84** |

1635938 v1/ NY

**ATTACHMENT B TO FEE APPLICATION**

**COMPENSATION BY TIME KEEPER FOR THE PERIOD
SEPTEMBER 1, 2009 THROUGH MAY 20, 2010**

| Name of Professional Person | Position of the Applicant and Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Year | Total Compensation |
|---|---|---|---|---|---|
| Cathy Hershcopf | Partner; Member of New York Bar since 1989 | $705 | 2.6 | 2009 | $1,833.00 |
| | | $730 | 3.5 | 2010 | $2,555.00 |
| Ronald Sussman | Partner; Member of New York Bar since 1979 | $760 | 1.4 | 2009 | $1,064.00 |
| | | $785 | 0.8 | 2010 | $628.00 |
| Brent Weisenberg | Associate; Member of New York Bar since 2002 | $555 | 79.7 | 2009 | $44,233.50 |
| | | $575 | 98.7 | 2010 | $56,752.50 |
| David Fleischer | Paralegal | $250 | 1.3 | 2009 | $325.00 |
| Rebecca Goldstein | Paralegal | $225 | 1.3 | 2009 | $292.50 |
| **Grand Total Fees** | | | | | **$107,683.50** |
| **Total Hours** | | | **189.3** | | |
| **Blended Rate** | | | | | **$568.85** |

1635938 v1/NY

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## SEPTEMBER 1, 2009 THROUGH MAY 20, 2010

| | Subject Matter Categories | Hours During Period | Amount |
|---|---|---|---|
| B01 | Asset Analysis and Recovery | 12.2 | $7,162.00 |
| B02 | Asset Disposition | 1.0 | $555.00 |
| B03 | Business Operations | 4.9 | $2,775.50 |
| B04 | Case Administration | 17.8 | $9,694.00 |
| B05 | Claims | 50.2 | $28,377.50 |
| B06 | Employee Benefits/Pensions | 0.00 | $0.00 |
| B07 | Fee/Employment Applications | 34.3 | $18,938.00 |
| B08 | Fee/Employment Objections | 0.00 | $0.00 |
| B09 | Financing and Cash Collateral | 0.00 | $0.00 |
| B10 | Litigation | 3.2 | $2,228.00 |
| B11 | Meetings | 0.00 | $0.00 |
| B12 | Plan and Disclosure Statement | 47.5 | $27,506.50 |
| B13 | Relief from Stay Proceedings | 0.00 | $0.00 |
| B14 | Travel | 0.00 | $0.00 |
| B15 | Accounting/Auditing | 0.00 | $0.00 |
| B16 | Business Analysis | 0.00 | $0.00 |
| B17 | Corporate Finance | 0.00 | $0.00 |
| B18 | Leases and Executory Contracts | 0.5 | $287.50 |
| B19 | Preparation For and Attendance at Court Hearings | 16.6 | $9,479.00 |
| B20 | Reconstruction Accounting | 0.00 | $0.00 |
| B21 | Tax Issues | 1.1 | $680.50 |
| B22 | Valuation | 0.00 | $0.00 |
| B23 | Avoidance Actions | 0.00 | $0.00 |
| B24 | Regulatory Compliance | 0.00 | $0.00 |
| | **TOTAL** | **189.3** | **$107,683.50** |

1635938 v1/ NY

**EXPENSE SUMMARY FOR THE PERIOD**
**SEPTEMBER 1, 2009 THROUGH MAY 20, 2010**

| Subject Matter Categories | Amount |
|---|---|
| Audio/Video Conferencing Services | $11.02 |
| Federal Express | $76.15 |
| Meals | $126.98 |
| Messenger Service | $19.00 |
| Postage | $1.39 |
| Reproduction of Documents | $179.24 |
| Research Databases/Document Retrieval | $289.34 |
| Telephone | $35.35 |
| Verizon Wireless | $10.08 |
| **TOTAL** | **$748.55** |

1635938 v1/ NY

COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000
Cathy Hershcopf
Brent Weisenberg

Counsel for the Official Committee
 of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In re:

STONE BARN MANHATTAN LLC f/k/a Steve &
Barry's Manhattan LLC, et al.,

       Debtors.

-------------------------------------------------------------- X

Chapter 11

Case No. 08-12579 (ALG)

(Jointly Administered)

**FOURTH INTERIM AND FINAL APPLICATION OF COOLEY LLP F/K/A COOLEY
GODWARD KRONISH LLP, COUNSEL FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE (I) INTERIM PERIOD SEPTEMBER 1, 2009 THROUGH MAY
20, 2010 AND (II) FINAL PERIOD JULY 21, 2008 THROUGH MAY 20, 2010**

Cooley LLP f/k/a Cooley Godward Kronish LLP ("Applicant"), former counsel to

the Official Committee of Unsecured Creditors (the "Committee") of Stone Barn Manhattan

LLC f/k/a Steve & Barry's Manhattan LLC, et al. (collectively, the "Debtors"), in the above-

captioned chapter 11 case, respectfully represents:

## I.

## INTRODUCTION

1.   This is Applicant's fourth interim and final application (the "Application") for

allowance of compensation and reimbursement of expenses pursuant to § 331 of chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and the *Order Pursuant to Sections 105(A) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(A) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated July 29, 2008 (the "Interim Compensation Order").

2. This Application seeks:

(i) interim allowance of compensation for legal services rendered by Applicant in the total amount of $107,683.50 and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of $748.55 for the period from September 1, 2009 through May 20, 2010 (the "Interim Compensation Period"); and

(ii) final allowance of compensation for legal services rendered by Applicant in the total amount of $1,283,893.75 and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of $19,944.84 for the period from July 21, 2008 through May 20, 2010 (the "Final Compensation Period").

3. This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order, as stated in the certification dated July 12, 2010, accompanying this Application, made on behalf of Applicant by Cathy Hershcopf, Esq. (the "Certification"). The Certification is attached hereto as **"Exhibit A."**

## II.

## BACKGROUND

4.      On July 9, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and their properties as debtors-in-possession.  No trustee or examiner has been appointed in this case.

### A.      Appointment of the Committee

5.      On July 17, 2008, the Committee was appointed in this case by the Office of the United States Trustee, consisting of the following seven members:  (i) AGI Logistics Corporation; (ii) American Express; (iii) General Growth Properties, Inc.; (iv) Gildan Active SRL; (v) JJ Garment; (vi) Simon Property Group, Inc.; and (vii) Texport Syndicate (India) Ltd.

6.      On July 21, 2008, the Committee met and decided that it wished to employ Applicant as its counsel to advise and represent it in this proceeding *nunc pro tunc* to July 21, 2008 with respect to the various legal considerations and decisions which have arisen and will continue to arise throughout the duration of this proceeding.

### B.      Applicant's Retention

7.      On April 19, 2007, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Authority to Retain Cooley Godward Kronish LLP as its Counsel Nunc Pro Tunc to July 21, 2008*, as to which there was no objection.  This Court approved the Committee's retention of Applicant pursuant to an order entered on August 26, 2008.

### C.      Confirmation of the Plan

8.      On May 20, 2010, this Court entered an order confirming the *Joint Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code proposed by the Debtors*

11

*and the Official Committee of Unsecured Creditors, as Modified.*

**D.** **Previous Monthly Fee Applications During the Interim Compensation Period**

9.  Applicant previously served monthly fee applications in accordance with the

Interim Compensation Order for September, 2009 through May 20, 2010 as set forth in detail

below:

- Applicant served a fourteenth monthly fee application on October 16, 2009, pursuant to which it requested the sum of $9,187.50, plus the sum of $227.48, representing actual and necessary out-of-pocket disbursements incurred during the period of September 1, 2009 through September 30, 2009. No objections were filed to the fourteenth monthly fee application.

- Applicant served a fifteenth monthly fee application on November 13, 2009, pursuant to which it requested the sum of $10,267.50, plus the sum of $38.75, representing actual and necessary out-of-pocket disbursements incurred during the period of October 1, 2009 through October 31, 2009. No objections were filed to the fifteenth monthly fee application.

- Applicant served a sixteenth monthly fee application on December 11, 2009, pursuant to which it requested the sum of $16,303, plus the sum of $178.61, representing actual and necessary out-of-pocket disbursements incurred during the period of November 1, 2009 through November 30, 2009. No objections were filed to the sixteenth monthly fee application.

- Applicant served a seventeenth monthly fee application on January 19, 2010, pursuant to which it requested the sum of $11,990, plus the sum of $50.99, representing actual and necessary out-of-pocket disbursements incurred during the period of December 1, 2009 through December 31, 2009. No objections were filed to the seventeenth monthly fee application.

- Applicant served an eighteenth monthly fee application on February 12, 2010, pursuant to which it requested the sum of $6,440, plus the sum of $78.48, representing actual and necessary out-of-pocket disbursements incurred during the period of January 1, 2010 through January 31, 2010. No objections were filed to the eighteenth monthly fee application.

- Applicant served a nineteenth monthly fee application on March 19, 2010, pursuant to which it requested the sum of $13,643.50, plus the sum of $22.23, representing actual and necessary out-of-pocket disbursements incurred during the period of February 1, 2010 through February 28, 2010. No objections were filed to the nineteenth monthly fee application.

- Applicant served a twentieth monthly fee application on April 19, 2010, pursuant to which it requested the sum of $17,599.50, plus the sum of $4.30, representing actual and necessary out-of-pocket disbursements incurred during the period of

12

March 1, 2010 through March 31, 2010. No objections were filed to the twentieth monthly fee application.

- Applicant served a twenty-first monthly fee application on May 20, 2010, pursuant to which it requested the sum of $8,567.50, plus the sum of $135.38, representing actual and necessary out-of-pocket disbursements incurred during the period of April 1, 2010 through April 30, 2010. No objections were filed to the twenty-first monthly fee application.

- Applicant served a twenty-second monthly fee application on June 8, 2010, pursuant to which it requested the sum of $13,685, plus the sum of $12.33 representing actual and necessary out-of-pocket disbursements incurred during the period of May 1, 2010 through May 20, 2010. No objections were filed to the twenty-second monthly fee application.

**E.     Previous Interim Fee Applications During the Final Compensation Period**

10.     Applicant previously filed three interim fee applications in accordance with the

Interim Compensation Order as set forth in detail below:

- Applicant filed its first interim fee application for the period July 21, 2008 through October 31, 2008, pursuant to which it requested the sum of $675,659.25 in fees, plus the sum of $8,136.29, representing actual and necessary out-of-pocket disbursements.

- Applicant filed its second interim fee application for the period November 1, 2008 through March 31, 2009, pursuant to which it requested the sum of $348,907 in fees, plus the sum of $7,964.02, representing actual and necessary out-of-pocket disbursements.

- Applicant filed its third interim fee application for the period April 1, 2009 through August 31, 2009, pursuant to which it requested the sum of $151,644 in fees, plus the sum of $7,964.02, representing actual and necessary out-of-pocket disbursements.

**III.**

**JURISDICTION AND STATUTORY PREDICATES**

11.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested

herein are §§ 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## IV.

### SERVICES RENDERED DURING PRESENT COMPENSATION
### PERIOD OF SEPTEMBER 1, 2009 THROUGH MAY 20, 2010

12.     During the Compensation Period, Applicant's services to the Committee included professional advice and representation in connection with discreet categories in this chapter 11 proceeding.  The aggregate hours and amount for each category is set forth on the cover pages to this Application.

13.     During the Compensation Period, Applicant, on behalf of and in consultation with the Committee, maintained an active role in this chapter 11 case.

14.     To apprise this Court of the legal services rendered during the Compensation Period, Applicant sets forth the following summary of legal services rendered.  However, the summary is intended only to highlight the general categories of services performed by Applicant on behalf of the Committee.  It is not intended to set forth each and every item of professional services which Applicant performed.

**Asset Analysis and Recovery**

15.     This category includes time expended by Applicant with respect to analysis of the Debtors' assets and recovery thereof.  The time spent in this category was with respect to assisting the Debtors in their efforts to collect certain sums owed to them by their credit card processor; assisting Loughlin in updating the wind-down and recovery analysis; reviewing the revised wind-down analysis; and reviewing and providing comments to the liquidation analysis which formed a part of the Disclosure Statement.

16.     Applicant expended 12.2 hours of time for a charge of $7,162 for services rendered with respect to matters relating to asset analysis and recovery.

**Asset Disposition**

17.     This category includes time expended by Applicant relating to asset dispositions of the Debtors.  The time spent in this category was de minimis in nature.

18.     Applicant expended 1 hour of time for a charge of $555 for services rendered with respect to the handling of matters relating to asset dispositions.

**Business Operations**

19.     This category includes time expended by Applicant with respect to the business operations and business issues of the Debtors.  The time spent in this category was devoted to reviewing the Debtors' monthly operating reports.

20.     Applicant expended 4.9 hours of time for a charge of $2,775.50 for services rendered with respect to matters relating to business operations.

**Case Administration**

21.     This category includes time expended by Applicant relating to a variety of activities regarding the day-to-day management and prosecution of this chapter 11 case. Services rendered in this project category include Applicant's time reviewing certain pleadings filed in the BH S&B bankruptcy case; working with the Debtors to draft an action plan for the remaining issues to be resolved in this case; reviewing Epiq's September invoice; corresponding with the Committee with respect to the status of the case; conducting legal research on general unsecured creditor trusts; speaking with creditors regarding the Plan, the timing of distributions and the status of the case; and corresponding with the United States Attorney's office regarding its inquiries.

22.     Applicant expended 17.8 hours of time for a charge of $9,694 for services rendered with respect to the handling of matters relating to case administration.

**Claims**

23.     This category includes time expended by Applicant with respect to various claims against the Debtors.  Applicant spent time in this category in connection with, *inter alia*, reviewing the Debtors' omnibus claims objections and responses thereto and drafting emails to the Committee with respect to same; assisting the Debtors in resolving certain stub rent claims; assisting the Debtors in (i) resolving certain claims asserted by General Growth Properties and (ii) the Debtors' efforts to collect certain sums owed to them by their credit card processor; conducting legal research regarding the treatment of mechanics' lien claims in bankruptcy; reviewing proposed claims stipulations and reviewing orders in connection with claims objections.

24.     Applicant expended 50.2 hours of time for a charge of $28,377.50 for services rendered with respect to the handling of matters relating to claims.

**Fee/Employment Applications**

25.     This category includes time expended by Applicant regarding the retention and compensation of various professionals in the Debtors' bankruptcy case.  Applicant spent time during the Compensation Period in connection with, among other things:  (i) reviewing and revising Applicant's August – May invoices; (ii) drafting Applicant's August – May fee applications; (iii) reviewing other professionals' fee applications; (iv) drafting Applicant's third interim fee application; and (v) reviewing and revising Clear Thinking Group's post-Effective Date engagement letter.

26.     Applicant expended 34.3 hours of time for a charge of $18,938 for services rendered with respect to matters relating to fee/employment applications.

**Litigation**

27.     This category includes time expended by Applicant with respect to the Debtors' litigation or contested hearings against third parties.  Services rendered in this project category include Applicant's time corresponding with the United States Attorney's office regarding its inquiries.

28.     Applicant expended 3.2 hours of time for a charge of $2,228 for services rendered with respect of matters relating to litigation.

**Plan and Disclosure Statement**

29.     This category includes time expended by Applicant with respect to a plan and disclosure statement.  This category includes time expended by Applicant reviewing the Debtors' exclusivity motion; reviewing the revised wind-down analysis, which formed the foundation of a plan of liquidation; negotiating and drafting the proposed plan with the Debtors and revising same; revising the proposed Disclosure Statement and researching certain issues raised by Plan objections and discussing the Plan with creditors and the Debtors.

30.     Applicant expended 47.5 hours of time for a charge of $27,506.50 for services rendered with respect to a plan and disclosure statement.

**Leases and Executory Contracts**

31.     This category includes time expended by Applicant with respect to the Debtors' unexpired non-residential leases of real property and executory contracts.  The time spent in this category was de minimis in nature.

32.     Applicant expended 0.50 hours of time for a charge of $287.50 for services rendered with respect to the handling of matters relating to leases and executory contracts.

1635938 v1/ NY

**Preparation For and Attendance at Court Hearings**

33.    This category includes time expended by Applicant with respect to preparation for, and attendance at, Court hearings, including hearings regarding, *inter alia*, the Debtors' omnibus claims objections and the December fee application hearing.

34.    Applicant expended 16.6 hours of time for a charge of $9,479 for services rendered with respect to the handling of matters relating to the preparation for and attendance at Court hearings.

**Tax Issues**

35.    This category includes time expended by Applicant with respect to the Debtors' tax issues.  The time spent in this category was de minimis in nature.

36.    Applicant expended 1.1 hours of time for a charge of $680.50 for services rendered with respect to tax issues.

**V.**

**MATTERS PERTAINING TO APPLICANT**

37.    Applicant has maintained contemporaneous time records which indicate the time that each attorney has spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit "B."**  The total number of hours expended by Applicant's attorneys and para-professionals during the Compensation Period in conjunction with this case is 189.3.  All of the services have been rendered by those individuals at Applicant's firm as listed on Applicant's Personnel Chart attached hereto.

38.    The personnel who have expended extensive time on this matter during the Application period are as follows:  (a) <u>Cathy Hershcopf</u>:  Ms. Hershcopf has been actively

involved in all aspects of this case; and (b) <u>Brent Weisenberg</u>: Mr. Weisenberg was responsible for various day-to-day issues that arose during the Compensation Period.

39. Many of the items that have been reviewed are unique to retail-type bankruptcy proceedings. It is respectfully submitted that Applicant's expertise in retail bankruptcy cases has caused certain issues to be reviewed without difficulty, as other bankruptcy attorneys without expertise in retail cases would have had to spend more time researching issues and, in addition, would not have been familiar with the issues applicable to this type of case. Some of the retail chapter 11 cases in which Applicant has been retained include: Against All Odds in Newark, New Jersey; Any Mountain in Santa Rosa, California; Archibald Candy Corporation in Chicago, Illinois; Bag n'Baggage in Dallas, Texas; Bob's Stores in Wilmington, Delaware; Boscov's in Wilmington, Delaware; Casual Male in New York, New York; Copelands Enterprises in Wilmington, Delaware; Cosmetic Center in Wilmington, Delaware; Dry Ice in St. Louis, Missouri; Filene's Basement I in Boston, Massachusetts; Filene's Basement II in Wilmington, Delaware; Goody's I and II in Wilmington, Delaware; Harvey Electronics in New York, New York; J. Silver Clothing in Wilmington, Delaware; Jacobson's Stores in Detroit, Michigan; Just for Feet in Wilmington, Delaware; Kuppenheimers in Wilmington, Delaware; Leather Loft Stores in Manchester, New Hampshire; Leatherland in Toledo, Ohio; Levitz Home Furnishings, Inc. in New York, New York; Lids Corporation in Wilmington, Delaware; Loehmann's in Wilmington, Delaware; Long John Silver's Restaurants, Inc. in Wilmington, Delaware; Mervyn's in Wilmington, Delaware; Moe Ginsburg in New York, New York; Montgomery Ward in Wilmington, Delaware; Pic 'N Pay Stores in Wilmington, Delaware; Princeton Ski Shops in Newark, New Jersey; Renaissance Cosmetics in Wilmington, Delaware; Ritz Camera Centers, Inc. in Wilmington, Delaware; Scotty's in Wilmington, Delaware; Sharper Image in

Wilmington, Delaware; Steve's Shoes in Kansas City, Kansas; Sun Apparel Warehouse in Philadelphia, Pennsylvania; Today's Man I in Wilmington, Delaware; Today's Man II in Camden, New Jersey; Troutman's Emporium in Eugene, Oregon; Weiner's Stores in Wilmington, Delaware; and Woodworker's Warehouse in Wilmington, Delaware.

40.     Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtor's chapter 11 case in furtherance of Applicant's professional responsibilities as attorneys for the Committee.

41.     During the Compensation Period, the partners, associates and para-professionals of Applicant devoted substantial time, 189.3 hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

42.     Applicant, by experience, training and ability, is fully qualified to perform the services for which compensation is sought here.  Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged.

43.     No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with these chapter 11 cases.

## VI.

## **EXPENSES DURING INTERIM COMPENSATION PERIOD**

44.     Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Interim Compensation Period in connection with the above-described work.  The list is derived from the information found at the end of the Case Administration project category in Exhibit "B".  These records indicate that Applicant has advanced and will have advanced, during the Interim Compensation Period, the sum of $748.55

in necessary and actual out-of-pocket expenses.  In connection with said expenses, it should be noted that Applicant charges $1.00 per page for outgoing telefacsimilies with no charge for incoming telefacsimilies, 20¢ per page for photocopying and charges for meals only necessitated by meetings with the Debtors or the Committee or when Applicant's personnel would work on this case through a normal meal period.

## VII.

## NOTICE AND PRIOR APPLICATION

45.     Notice of this Application has been provided to (i) Debtors' counsel, (ii) the U.S. Trustee, and (iii) all other parties entitled to notice in these cases.  Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given.

46.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** Applicant hereby respectfully requests entry of an order (a) allowing Applicant (i) interim compensation for legal services rendered by Applicant in the total amount of $107,683.50 and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of $748.55 for the Interim Compensation Period and (ii) final compensation for legal services rendered by Applicant in the total amount of $1,283,893.75 and reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of $19,944.84 for the Final Compensation Period; (b) directing the Debtors to pay any unpaid amounts to Applicant; and (c) granting such other and further relief as this Court deems just and proper.

Dated: New York, NY  
      July 12, 2010

COOLEY LLP  
1114 Avenue of the Americas  
New York, NY 10036  
(212) 479-6000

Cathy Hershcopf
Brent Weisenberg

By: /s/ Cathy Hershcopf
Cathy Hershcopf

Counsel for the Official
Committee of Unsecured Creditors

22

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

In re:

STONE BARN MANHATTAN LLC f/k/a Steve &
Barry's Manhattan LLC, et al.

                      Debtors.

-------------------------------------------------------------- X

Chapter 11

Case No. 08-12579 (ALG)

(Jointly Administered)

**ORDER GRANTING FOURTH INTERIM AND FINAL APPLICATION OF COOLEY
LLP F/K/A COOLEY GODWARD KRONISH LLP, COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE (I) INTERIM PERIOD
SEPTEMBER 1, 2009 THROUGH MAY 20, 2010 AND (II) FINAL
PERIOD JULY 21, 2008 THROUGH MAY 20, 2010**

Upon the application, dated July 12, 2010 (the "Application"),[1] of Cooley LLP

f/k/a Cooley Godward Kronish LLP ("Applicant"), counsel to the Official Committee of

Unsecured Creditors (the "Committee") of Stone Barn Manhattan LLC f/k/a Steve & Barry's

Manhattan LLC, et al. (collectively, the "Debtors"), in the above-captioned chapter 11 case,

seeking entry of an order allowing (i) interim compensation for legal services rendered by

Applicant in the total amount of $107,683.50 and reimbursement of certain expenses incurred by

(or first billed by outside vendors to) Applicant in the amount of $748.55 for the period from

September 1, 2009 through May 20, 2010 (the "Interim Compensation Period"), and (ii) final

allowance of compensation for legal services rendered by Applicant in the total amount of

$1,283,893.75 and reimbursement of certain expenses incurred by (or first billed by outside

vendors to) Applicant in the amount of $19,944.84 for the period from July 21, 2008 through

---

[1]       Any capitalized term not defined herein shall have the meaning ascribed to it in the Application.

May 20, 2010 (the "Final Compensation Period") pursuant to §§ 330 and 331 of chapter 11 of title 11 of the United Stated Code (the "Bankruptcy Code"); and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Application having been provided to, among others, (i) Debtors' counsel, (ii) the U.S. Trustee; and (iii) all other parties entitled to notice in these cases, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is granted on a final basis in the amount of $107,683.50 for professional services rendered and $748.55 for reimbursement of expenses incurred in the connection with the rendition of such services during the Interim Compensation Period for a total award of $108,432.05; and it is further

**ORDERED,** that the amount of $107,683.50 is reasonable compensation for services rendered by Applicant for the Interim Compensation Period, and that $748.55 is reasonable for expenses incurred in connection with the rendition of the professional services rendered; and it is further

**ORDERED**, that each of the interim fee applications filed by Applicant are approved on a final basis; and it is further

**ORDERED**, that the Debtors are authorized and directed to pay the allowed amounts set forth above, to the extent such amount have not yet been paid; and it is further

**ORDERED**, that the amount of compensation allowed to Applicant under this Order is provided pursuant to §§ 330 and 331 of the Bankruptcy Code.

1635938 v1/ NY

Dated: New York, NY
      September __, 2010

 

_____

HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE

1635938 v1/ NY

# Exhibit "A"

1635938 v1/NY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

In re:

STONE BARN MANHATTAN LLC f/k/a Steve &
Barry's Manhattan LLC, et al.,

                Debtors.

-------------------------------------------------------------- X

Chapter 11

Case No. 08-12579 (ALG)

(Jointly Administered)

**CERTIFICATION OF CATHY HERSHCOPF IN SUPPORT OF FOURTH INTERIM
AND FINAL APPLICATION OF COOLEY LLP F/K/A COOLEY GODWARD
KRONISH LLP, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE (I) INTERIM PERIOD SEPTEMBER 1, 2009 THROUGH MAY 20, 2010 AND
(II) FINAL PERIOD JULY 21, 2008 THROUGH MAY 20, 2010**

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF NEW YORK  )

        CATHY HERSHCOPF, being first duly sworn, deposes and says;

        1.      I am an attorney admitted to practice before this Court and a member of the law

firm of Cooley LLP f/k/a Cooley Godward Kronish LLP ("Applicant"), with offices located at

1114 Avenue of the Americas, New York, New York 10036.  Applicant is counsel for the

Official Committee of Unsecured Creditors (the "Committee") of Stone Barn Manhattan LLC

f/k/a Steve & Barry's Manhattan LLC, et al. (collectively, the "Debtors").  I have personal

knowledge of all of the facts set forth in this certification except as expressly stated herein.

        2.      I have read the *Fourth Interim and Final Application of Cooley LLP f/k/a Cooley*

*Godward Kronish LLP, Counsel for the Official Committee of Unsecured Creditors, for*

*Compensation and Reimbursement of Expenses for the (I) Interim Period September 1, 2009*

*through May 20, 2010 and (II) Final Period July 21, 2008 through May 20, 2010* (the

"<u>Application</u>") for compensation by Applicant and know the contents thereof.

3.      The contents of the Application are true to the best of my knowledge, except as to

matters therein alleged to be upon information and belief, and as to those matters, I believe them

to be true.  I have personally performed a portion of the legal services rendered by Applicant and

am thoroughly familiar with all other work performed on behalf of the Committee by the

attorneys and para-professionals in the firm.

4.      To the best of my knowledge, information and belief formed after reasonable

inquiry, the Application complies with the guidelines promulgated pursuant to the order of Chief

Judge Lifland dated June 24, 1991 as well as the amended guidelines promulgated pursuant to

the order of Chief Judge Lifland dated April 19, 1995 (collectively, the "<u>Guidelines</u>").

5.      To the best of my knowledge, information and belief formed after reasonable

inquiry, the fees and disbursements sought in the Application fall within the Guidelines.  The

fees and disbursements sought are billed at rates and in accordance with practices customarily

employed by Applicant and are generally accepted by Applicant's clients.  In providing

reimbursable services, Applicant does not make a profit on such service, whether the service is

performed by Applicant in-house or through a third party.

6.      The chairs of the Committee has reviewed the Application and have approved it.

7.      Pursuant to the *Order Pursuant to Sections 105(A) and 331 of the Bankruptcy

Code and Bankruptcy Rule 2016(A) Establishing Procedures for Interim Monthly Compensation

and Reimbursement of Expenses of Professionals*, dated July 29, 2008, Applicant has submitted

monthly statements to the Debtors, counsel for the Debtors, the U.S. Trustee, and the chairmen

of the Committee for each of the months covered by the Application.

8.	The Debtors and the U.S. Trustee have each been provided with the Application at least 10 days before the hearing on the Application.

9.	In accordance with Bankruptcy Rule 2016(a) and § 504 of the Bankruptcy Code, no agreement or understanding exists between Applicant and any other person for the sharing of compensation to be received in connection with this case.

Dated:	New York, New York	By:	/s/ Cathy Hershcopf
       July 12, 2010	       Cathy Hershcopf

Sworn to before me this
12th day of July, 2010

/s/ Theresa Hammond
Notary Public

THERESA K. HAMMOND
Notary Public, State of New York
No. 4650925
Qualified in Suffolk County
Commission Expires July 31, 2013

1635938 v1/ NY

# Exhibit "B"

Due to the voluminous nature of the time records, Applicant has not electronically filed said copies. Applicant will make the time records available to any party in interest, free of charge, upon request of Brent Weisenberg at bweisenberg@cooley.com.

1635938 v1/NY